CITY OF MONTPELIER, *v.* JOHN SENTER.

January Term, 1900.

Present : TAFT, C. J., ROWELL, TYLER, MUNSON, THOMPSON, START and WATSON, JJ.

Opinion filed February 8, 1900.

*Charter of Montpelier—Retrospective legislation*—No. 184, Acts of 1898, amending the charter of the city of Montpelier by striking out words prohibiting compensation to the Mayor and Aldermen, and giving them a salary, gave the mayor compensation from the time the act took effect, but was not retrospective, and authorized no compensation to the mayor for the expired portion of his current term of office.

*Legislative intent—Definition of "salary"*—The intent to give compensation for past services is not apparent, although the act used the word "salary", which means a *per-annum* compensation, for that is apportionable, and means no more than at the rate of so much *per-annum.*

*Remedial statutes—Considerations of justice in construction of statutes*—The intent to give compensation for past services not being manifest from the act itself, it cannot be given such effect on the ground that it is remedial, for it is not, nor on considerations of justice, for the receiving of compensation for past services is not, under the circumstances, so just a thing as to require a construction that will give it.

*Retrospective legislation not favored*—There is no constitutional limitation on the legislature concerning the matter, but retrospective legislation is not favored.

ASSUMPSIT. Plea, general issue. Trial by court on an agreed statement of facts. Washington County, March Term, 1899. *Thompson,* J., presiding. Judgment for the plaintiff, *pro forma* and without hearing, for the sum of three hundred dollars. The defendant excepted.

The case is stated in the opinion.

*Frederick P. Carleton,* City Attorney, for the plaintiff.

*John H. Senter,* defendant, *pro se.*

ROWELL, J. The defendant was elected mayor of the city at its annual meeting in March, 1898, for the term of one year.

At that time the city charter prohibited compensation to the mayor and the aldermen for their official services. But by No. 184, Acts of 1898, which took effect November 30 of that year, the charter was amended, among other ways, by striking out the words prohibiting such compensation, and giving the mayor a salary of $300, and each of the aldermen a salary of $150. Shortly before the expiration of their terms of office, the mayor and each of the aldermen were paid the full amount of their salary for the year; and this action is brought to recover the money paid to the defendant.

The office of mayor not being contractual in its nature, and there being no constitutional limitation on the Legislature concerning the matter, it is not claimed, and could not well be, that the Legislature had not the power to give the defendant a salary for the whole or a part of his then current term of office. It is equally clear that it gave him compensation from the time the act took effect; and the only question is, whether it gave him compensation before that time.

Retrospective legislation is not favored, and is prohibited by the constitution of some of the states, as being highly injurious, oppressive, and unjust; and nowhere will retrospective effect be given to a statute unless it appears that it was the intent of the Legislature that it should have such effect. When such effect would impair a right or do a wrong, it will not be given; but when, without such results, it is apparent that such operation was intended, that intent will prevail. And although such intent is not manifest from the act itself, yet if the result of such an operation would be so just as to constitute a reason for giving it, and there is nothing in the act to prevent it, such reason will be allowed to operate, and the act to have that effect. This is indorsed in *Sturgis* v. *Hull*, 48 Vt. 302, as a correct general statement of the law of the subject.

It is further said in that case, that when a statute will admit of either construction, and it appears that a retrospective

operation is necessary to accomplish the purpose of the Legislature, and no right will be thereby impaired and no wrong done ; or when a statute is purely remedial, and does not attempt to take away vested rights ; or, it might have been added, relates solely to procedure in courts, such operation will be given to it, but not otherwise.

It is obvious that the part of the act in question can have a retrospective effect only on the ground that it is remedial, which it does not appear to be, neither from the act itself, nor from anything dehors the act.

It is sufficiently comprehensive for present purposes to define a remedial statute as one designed to cure a mischief or remedy a defect in existing laws, common or statutory, however arising. But here was no mischief to cure nor defect to remedy; for that municipal officers shall serve without compensation, is neither. Town officers receive no compensation for their services, only as it is voted to them, which the town may do or not, as there is no statute on the subject. Neither is there any necessity for giving this act retrospective effect in order to accomplish the purpose of the Legislature, for it does not appear that it was its purpose to give compensation for past services, although it used the word " salary," which means a *per-annum* compensation ; for that is apportionable, and the act means no more than at the rate of so much *per annum*. Nor is the receiving of compensation for past services so just a thing as to require a construction that will give it ; for it cannot be said to be unjust, that is, contrary to the standard of right, that a municipal officer shall serve for nothing when he accepts the office knowing that the laws prohibit compensation.

*Douglas County* v. *Timme*, 32 Neb. 272, 34 Am. & Eng. Corp. Cas. 456, is relied upon to show that a retrospective effect should be given. There compensation was increased during the term of office. It is difficult to gather from the case that the act was given retrospective effect. The contention seems to have been whether it applied to those in office at the time it was

passed or only to those thereafter elected, and it was held to apply to those in office.

*Judgment reversed, and judgment for the plaintiff to recover what the defendant received for salary from the commencement of his term till the passage of the Act, with interest thereon from the rendition of the judgment below.*