Hillsborough,
No. 4393.

OSCAR W. CEDERGREN

*v.*

FREDERICK N. CLARKE, *Commissioner.*

Argued March 1, 1955.

Decided March 25, 1955.

*Sheehan, Phinney & Bass* and *Joseph F. Devan* (*Mr. Devan* orally), for the plaintiff.

*Louis C. Wyman*, Attorney General and *George F. Nelson*, Assistant Attorney General, for the defendant.

GOODNOW, J. The question presented by this case is concerned with R. L., *c.* 118, *s.* 16, which, so far as material here, provides that "Any person who shall be convicted of operating . . . a motor vehicle upon any way while under the influence of intoxicating liquor . . . shall be imprisoned for not more than six months or shall be fined not more than five hundred dollars, or both; his license shall be revoked, and he shall be ineligible for a license for one year thereafter. Upon a second conviction he shall be imprisoned for not less than one month nor more than six months, and fined not less than one hundred dollars nor more than five hundred dollars; his license shall be revoked and he shall be ineligible for a license for the next three calendar years."

It is not disputed that the plaintiff was convicted of operating in violation of this statute in 1935 nor that his conviction for a like offense in 1952 was upon a complaint containing no allegations concerning the prior conviction. The defendant now refuses to issue a license to the plaintiff solely on the basis that he is ineligible for three calendar years under the provisions of the statute. The plaintiff, however, claims that his 1952 conviction was merely "a conviction for a second time" and that the ineligibility provisions imposed "upon a second conviction" are not applicable except in the event of "a conviction for a second offense."

The statutory words "upon a second conviction" do not, by themselves, indicate which type of conviction was intended by the Legislature. It seems apparent, however, that something more than "a conviction for a second time" was to be required. In its first enactment dealing with this subject matter, heavier penalties and revocation of license for a longer period were provided "if any person be convicted a second time." Laws 1923, *c.* 77. Two years

later, when ineligibility for a license was first made a part of the statute, this language was changed to that presently in use, "upon a second conviction." Laws 1925, c. 51.

A conviction for a second offense has long been distinguished in our criminal law from a second conviction without reference to any prior offense, the basis being the more extensive allegations and proof required to support the former. *State* v. *Adams*, 64 N. H. 440; 58 A. L. R. 64. When heavier sentences are prescribed for a subsequent offense, they "cannot be imposed in the absence of an allegation and proof of a prior conviction." *Id.*, 441. The conviction must be one for a second offense, that is, one founded upon a complaint alleging the prior conviction and proof thereof.

Since the provisions of the present statute imposing heavier criminal penalties "upon a second conviction" can lawfully be invoked only upon allegation and proof of a prior offense, we are of the opinion that the Legislature must be deemed to have intended the language used to imply those requirements. The provisions both for the heavier penalties and for ineligibility for a license for three years are contained in the same sentence of the statute and become applicable "upon a second conviction." These words must mean the same for both purposes. Since for the purpose of imposing the heavier penalties they require as a matter of law that there be a charge and proof of a prior conviction, it follows that the same requirement must have been intended with respect to the three-year period of ineligibility for a license.

R. L., c. 118, s. 13, inserted by Laws 1951, c. 180, s. 2, as amended by Laws 1951, c. 229, imposes upon the court the duty of revoking the license in accordance with section 16. It also provides that the court shall "return such license with his findings marked thereon, together with the court return, to the commissioner." It is upon these findings as to whether the conviction is for a first or subsequent offense that the period for which the ineligibility is to extend is determined.

*Exceptions sustained.*

All concurred.