## Town of Brattleboro v Stanley Nowicki

[117 A2d 259]

May Term, 1955.

Present: **Jeffords, C. J., Cleary, Adams, Chase and Hulburd, JJ.**

Opinion Filed October 4, 1955.

*Edward J. Shea* for the respondent.

*John S. Burgess*, Town Agent, for the Town.

**Cleary, J.** This is a prosecution for operating a taxicab in violation of a municipal ordinance. Respondent's plea of not guilty was withdrawn by leave of court and the respondent then filed a demurrer. Demurrer overruled, exception by the respondent and cause passed to this Court.

The charter of the town of Brattleboro as amended by No. 297 of the Acts of 1949 authorizes the town "to establish by ordinances or by-laws a system of licensing, regulating and controlling the owners or drivers of cabs and taxis; to regulate their fees, to prescribe their duties, to grant, reject or revoke a license when the public good so requires" and "to provide penalties for the violation thereof."

An amendment to the Taxicab Ordinance of the town of Brattleboro adopted on April 24, 1951, provides as follows: "4-A. Inspection. Not later than the fifth day of each

month, and at such other times as the Chief of Police may require, the owner of every licensed taxicab shall have such taxicab inspected by an official motor vehicle inspector and shall forthwith file with the Chief of Police a certificate issued by such inspector showing that such taxicab is in safe and proper mechanical condition and is fully and properly equipped as required by law. No taxicab shall be operated after the fifth day of the month unless there is on file such a certificate dated during the current month. Whenever the Chief of Police has reason to doubt that a taxicab is in safe and proper mechanical condition and properly equipped, he may suspend the license thereof without a hearing and require the owner to have such taxicab officially inspected as herein provided. He shall not lift such suspension until the owner of such taxicab has filed with him a new certificate of inspection."

The grounds of the demurrer relied upon by the respondent are: 1. that the ordinance is outside of the authority granted the town and the power designated by the amended charter; 2. that the ordinance is indefinite, vague and uncertain; 3. that the ordinance grants illegal and unconstitutional power to the chief of police. The respondent argues that the town charter as amended does not specifically authorize the inspection of taxicabs and the words "licensing, regulating and controlling," contained in the charter do not permit reading into their interpretation the privilege of requiring an inspection.

██ When an ordinance is passed relating to a subject matter within the legislative power of the municipality, every reasonable presumption is made in favor of its validity. It is not to be adjudged unconstitutional without clear and irrefragable evidence that it infringes the paramount law. *State* v. *Clement National Bank*, 84 Vt 167, 200, 78 A 944; *State* v. *Morse*, 84 Vt 387, 394, 395, 80 A 189, 34 LRANS 190; *Village of St. Johnsbury* v. *Aron*, 103 Vt 22, 27, 151 A 650; *Village of Waterbury* v. *Melendy*, 109 Vt 441, 447, 199 A 236; *State Highway Board* v. *Gates*, 110 Vt 67, 75, 1 A2d 825; *McFeeters* v. *Parker*, 113 Vt 139, 144, 30 A2d 300; *Vermont Salvage Corp.* v. *St. Johnsbury*, 113 Vt 341, 347, 34 A2d 188; *In Re Squires*, 114 Vt 285, 287, 44 A2d 133, 161 ALR 349. It is an undisputed proposition of law that a municipal corporation possesses

and can exercise under its charter not only powers granted in express words, but also such powers as are necessarily and fairly implied in or are incident to the powers expressly granted, and such as are essential to the declared objects and purposes of the corporation. *St. Johnsbury* v. *Thompson*, 59 Vt 300, 305, 9 A 571. In that case at page 307 the Court considered the use of the word "regulate" and said "It is not the specific word used, but the intent of the Legislature, as shown by the whole enactment, that determines its meaning and the powers conferred by it. It is apparent that the word "regulate" as employed in the act, has a general signification, and applies to the right to use victualing-shops as well as the manner of use, and implies the power of restriction and restraint." So here, the power granted the Town of Brattleboro by the Legislature to license, regulate and control the owners or drivers of cabs and taxis, to prescribe their duties and to grant, reject or revoke a license when the public good so requires, expressly shows the intention of the Legislature to grant the town the powers of restriction and restraint and implies the right to require inspection of such vehicles as an incident to the powers expressly granted so the objections raised have no merit.

The respondent also claims that the ordinance as amended is indefinite, vague and uncertain by providing that the owner of every licensed taxicab shall have it inspected by an official motor vehicle inspector but his brief does not point out in what respects he makes this claim. The amendment of April 4, 1951, to the Brattleboro Taxicab Ordinance is merely an addition to section 4a of the Ordinance of 1949. Among other things section 4a of the Ordinance of 1949 provides that a taxicab license may be granted by the Board of Selectmen only after the owner thereof has furnished the Selectmen with a certificate of an inspector approved by the Selectmen that within ten days prior to the application for the license, the vehicle in question was in sound mechanical condition and in compliance with all applicable state laws. The amendment to section 4a only required the respondent to file with the Chief of Police the same sort of a certificate he was required to furnish when he was granted his license by the Board of Selectmen. Its enactment was a proper exercise

of the municipality's police power in the interest of public safety, delegated to it by its charter. *State* v. *Greaves*, 112 Vt 222, 228, 22 A2d 497; *Vermont Salvage Corporation* v. *St. Johnsbury*, 113 Vt 341, 351, 34 A2d 188.

The respondent claims that the ordinance grants illegal and unconstitutional power to the chief of police. The only case cited by him to support his contention is *Village of St. Johnsbury* v. *Aron*, 103 Vt 22, 23, 28, 151 A 650. There the ordinance provided that the granting of a license to conduct a junk business was "wholly within the discretion of the village trustees." This Court held that the phrase was equivalent to the grant of an uncontrolled or unlimited or arbitrary discretion, permitted the trustees capriciously to discriminate between the various applicants for a license, and therefore, was unconstitutional and void. It is not authority in this case because under the amendment to the ordinance here in question the only power conferred upon the chief of police is to suspend a taxicab license, if he has reason to doubt that the taxicab is in safe and proper mechanical condition and properly equipped, and to require the owner to have his taxicab officially inspected. All the owner has to do to lift the suspension is to file with the chief of police a new certificate of inspection. It is plain that this ordinance does not grant the chief of police uncontrolled or unlimited or arbitrary discretion to grant or to withhold the respondent's license.

The complaint is good as against the grounds relied upon by the respondent. *The order overruling the demurrer is affirmed and the cause remanded.*