## In re Petition of Allen J. Bolio, Jr. v. James E. Malloy, Commissioner of Motor Vehicles

[ 234 A.2d 336 ]

June Term, 1967

Present: Holden, C.J., Shangraw, Smith and Keyser, JJ.

Opinion Filed October 3, 1967

*Stephen B. Martin* for petitioner.

*James L. Oakes,* Attorney General, for the State.

**Holden, C.J.** The complainant has petitioned this Court for a writ of mandamus. The proceeding is directed against the commissioner of motor vehicles to compel that official to hold a hearing to

determine whether the complainant is a proper person for the issuance of a motor vehicle operator's license.

The petitioner has been twice convicted of operating a motor vehicle in this state while under the influence of intoxicating liquor, in violation of the provisions of 23 V.S.A. §1183. Following the first conviction on January 31, 1962, in the Montpelier Municipal Court, the petitioner's license to operate motor vehicles in this state was revoked for a period of one year, in accordance with the provisions of 23 V.S.A. §1185.

On April 6, 1963, the petitioner was convicted of a similar offense against the same statute by the Bennington Municipal Court. The complaint in the second conviction makes no allegation of the prior offense. The petitioner's license was again revoked on April 12, 1963.

After the expiration of a year the petitioner applied to the commissioner of motor vehicles for reinstatement of his operator's license. The commissioner has refused to hear the application until the expiration of six years from the second revocation. This petition for mandamus followed.

The pertinent sections of the Motor Vehicles Laws provide:

23 V.S.A. §1183. Operating under influence of intoxicating liquor or drugs

A person shall not operate or attempt to operate a motor vehicle while under the influence of intoxicating liquor or drugs. On a first conviction, a person who violates a provision of this section shall be fined not less than $50.00 nor more than $500.00, or imprisoned not more than two years, or both. On each subsequent conviction, such person shall be imprisoned not less than two months nor more than two years and fined not more than $500.00.

§1185. Revocation of license for drunken driving

After being notified of the conviction of a person for having violated a provision of section 1183 of this title, the commissioner of motor vehicles shall forthwith revoke the license of such person, or revoke his right to operate a motor vehicle, as the case may be. A license shall not be issued to such person until the expiration of one year from the date of such revocation, and then only upon the presentation of due proof to the commissioner of motor vehicles that such person is a proper person to whom a license should be granted.

§1186. Reinstatement of license

A person whose license or right to operate a motor vehicle has been heretofore revoked by the commissioner of motor vehicles pursuant to the provisions of section 1185 of this title may make application for the issuance of a license on and after the expiration of one year from the date of such revocation, and such license may be issued pursuant to the provisions of section 1185.

§1187. Second and third convictions

Upon a second conviction a license shall not be issued until the expiration of six years from the date of such revocation, and then only upon presentation of due proof to the commissioner of motor vehicles that such person is a proper person to whom a license should be issued. Upon a third conviction a license shall not be issued to the person so convicted.

The petitioner contends the licensing authority is required to consider the judgment of guilty, entered by the Bennington Municipal Court, as a first conviction in the absence of a specific allegation of the prior conviction in the prosecution of the second offense. Relying on this premise, he maintains he is entitled to a present hearing on his application and treated as a first offender under the provisions of §§1185 and 1186.

To support this position, the petitioner cites *State* v. *Cameron,* 126 Vt. 244, 227, A.2d 276, 279. In that instance the judge of the Franklin Municipal Court, acting on personal knowledge of two prior convictions, sentenced the respondent as a third offender under 23 V.S.A. §674(a). We held the court could not impose the more severe penalty provided for a third offender unless the prior convictions were alleged and proved in the prosecution for the third offense. The opinion by Mr. Justice Keyser points out that if an accused is to be subjected to the sentence provided for a recidivist, he must have notice of the prosecution's intention to seek the higher penalty. This requirement is essential to enable the respondent to challenge the sufficiency of the record presented against him and his identity with the prior convictions. See also, *Oyler* v. *Boles,* 368 U.S. 448, 825 S. Ct. 501, 7 L.Ed. 2d 446, 451.

The Cameron case was concerned exclusively with the sentence of the court upon the third conviction of the crime of operating after sus-

pension. The action of the licensing authority and its power to revoke or issue a motor vehicle operator's license were not involved.

Proceedings to enforce the criminal statute and those to determine whether the license to operate should be revoked are separate functions. *State* v. *Muzzy,* 124 Vt. 222, 224, 202 A.2d 267. The license to operate is an important and valued privilege which may not arbitrarily be suspended. Yet its enjoyment depends upon compliance with the conditions which the legislature has seen fit to impose under the police power, in the interest of public safety. *State* v. *Muzzy, supra; Anderson* v. *Commissioner of Highways,* 267 Minn. 308; 126 N.W. 2d 778, 9 ALR 3d 746, 754; 7 Am. Jur. 2d Automobiles and Highway Traffic §109 et seq.

Many states have provided by statute for prolonged suspension of operators' licenses when the licensee has been convicted of a specified number of motor vehicle offenses. See 7 Am. Jur. 2d Automobiles and Highway Traffic §116. Whether such extended ineligibility is to be construed a part of the criminal penalty imposed for a subsequent offense is mainly a matter of legislative intent to be ascertained from the language of the statute. *Cedargren* v. *Clarke,* 99 N.H. 421, 112 A.2d 882, 883.

Under the New Hampshire statute the provision for heavier penalties and for extended ineligibility is contained in the same sentence of the statute. And the duty of revoking the license of the offender is imposed upon the court rather than the licensing authority. These considerations persuaded the New Hampshire court to the opinion that allegation and proof of the prior convictions were required to enable the court to revoke for the longer period imposed upon a second conviction. *Cedargren* v. *Clarke,* 99 N.H. 421, 112 A.2d at 883, 884.

Under our statute the revocation of the license of a person convicted of operating a motor vehicle while under the influence of intoxicating liquor is not accomplished by order of the convicting tribunal. Nor is mandatory suspension included in the penal sanction which may be imposed under the provisions of 23 V.S.A. §1183.

By operation of the statute, suspension is accomplished forthwith by administrative action when judgment of guilty has been entered and the licensee identified as the offender. Neither the court nor the commissioner of motor vehicles has been granted discretionary power

in this statutory consequence. And until the specified period of suspension has expired, the commissioner is without authority to reinstate the operator's license and then only upon adequate proof that the applicant is a proper person to whom a license should be granted.

Upon a second conviction the commissioner is without authority to re-license the offender for a period of six years and again, only upon due proof that the applicant is a proper person to exercise operating privileges on the public highways. 23 V.S.A. §§1185 and 1187, *supra*.

In the present proceedings there is no question of the petitioner's identity with the first and second convictions. His petition concedes as much. With the petitioner's identity with the two offenses established, the commissioner of motor vehicles was without authority to hear and determine the petitioner's application for reinstatement until the expiration of the six year period imposed by the statute. And this prohibition against the licensing authority is operative whether or not the first conviction was alleged and proved in the prosecution for the second offense in the Bennington Municipal Court.

*Petition dismissed.*