# Paul W. Carpenter v. Vermont Department of Motor Vehicles, William H. Conway, Commissioner

[465 A.2d 1379]

No. 82-342

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed September 6, 1983

*Blais & Cain,* Burlington, for Plaintiff-Appellant.

*John J. Easton, Jr.,* Attorney General, and *Robert C. Schwartz* and *Andrew M. Eschen,* Assistant Attorneys General, Montpelier, for Defendants-Appellees.

**Hill, J.** Pursuant to 23 V.S.A. § 1205(f), the commissioner of motor vehicles (commissioner) revoked plaintiff's operator's license for a six-year period, as a result of three alleged "refusals" to submit to breath tests. Following the receipt of the revocation notice, plaintiff instituted this action in superior court to challenge the revocation. V.R.C.P. 75. There being no dispute as to the facts, both the commissioner and plaintiff moved for summary judgment. V.R.C.P. 56. After reviewing the submitted memoranda, affidavits and oral arguments, the superior court granted the commissioner's motion, and plaintiff filed a timely notice of appeal. We affirm.

Prior to August 23, 1981, plaintiff was twice convicted of driving while under the influence of intoxicating liquor (DUI), 23 V.S.A. § 1201(a)(2), on July 8, 1975, and September 21, 1979. In both instances, plaintiff submitted to breath tests when requested to do so by police officers. On August 23, 1981, plaintiff was stopped by an officer of the Vergennes Police Department on suspicion of driving while under the influence. When asked to submit to a preliminary alcohol field test, § 1202(b), he declined. Plaintiff was then taken to the Vergennes Police Station, where he was informed of his *Miranda*

rights, and his rights under the Implied Consent Statute, 23 V.S.A. § 1202. In addition, he was told that his refusal to submit to a breath test could result in the loss of his Vermont operator's license for a period of one to six years, depending on his prior record. § 1205. After several unsuccessful attempts to contact his attorney, plaintiff was advised of his right to contact a public defender, but he declined the opportunity and persisted in his refusal to submit to a breath test.

In accordance with 23 V.S.A. § 1205 (a), a subsequent "reasonableness hearing" was held in the district court to determine whether the facts and circumstances surrounding the August 23 stop provided a reasonable basis for the officer's request to submit to a breath test. The district court concluded that the police officer's request was reasonable. The court also noted that this appeared to be plaintiff's first "refusal" to submit to a breath test. As required by statute, the district court's findings, conclusions and order were then sent to the commissioner for license revocation processing. 23 V.S.A. § 1205.

The statutory procedure for revoking the license of a driver who refuses to submit to a breath test is set forth in § 1205. Once the commissioner receives the judicial determination that the officer's request to submit to a breath test was reasonable, the statute requires him to revoke the driver's license for a period of time fixed by the number of "refusals" in the driver's record. In this regard, however, § 1205 (j) provides that "a previous conviction for a violation of section 1201, shall be considered a previous refusal unless there was also a refusal at the incident which resulted in a conviction." That is, a prior conviction under § 1201 is deemed to be a refusal for the purposes of § 1205.

Guided by the rule of computation in § 1205 (j), the commissioner determined that plaintiff's refusal, admittedly his first, constituted a "third refusal" for purposes of license revocation, since plaintiff had two prior DUI convictions. When faced with a third refusal, 23 V.S.A. § 1205 (f) mandates that "[t]he commissioner shall revoke a person's operating license, or nonresident operating privilege or the privilege of an unlicensed operator to operate a motor vehicle for six years." Accordingly, the commissioner revoked plaintiff's operator's license for six years.

On appeal, plaintiff briefs three exceptions for our consideration: first, whether the commissioner, by "retrospectively" applying 23 V.S.A. § 1205(j) to DUI convictions occurring prior to the statute's effective date, July 1, 1981, arbitrarily and capriciously denied plaintiff his constitutional right to due process of law;* second, whether the commissioner exceeded his authority by suspending plaintiff's operator's license for a period of time not supported by a judicial determination; and third, whether the arresting officer had a duty to inform plaintiff of the impact of the newly enacted legislation with respect to his driving record. The exceptions will be taken in order.

■ Plaintiff concedes at the outset that the legislature has the power to enact a law such as § 1205(j) which would operate prospectively from its effective date. His challenge is solely directed to the constitutional validity of a retrospective application of the statute. He correctly points out that subsection (j) is not expressly limited to those DUI convictions occurring after the effective date of the statute, nor does it contain any language contemplating prior convictions. Plaintiff then cites those decisions of this Court which have held that "a statute should not be construed to act retrospectively . . . unless its language is so clear as to admit of no other construction," *United States* v. *United States Fidelity & Guaranty Co.*, 80 Vt. 84, 97, 66 A. 809, 814 (1907); see also *City of Montpelier* v. *Senter*, 72 Vt. 112, 113, 47 A. 392, 393 (1900), and insists that it is unconstitutional to apply "retrospectively" § 1205(j) to his prior DUI convictions, since such an interpretation would attach a new disability to prior convictions. We disagree.

■ The validity of plaintiff's argument hinges on whether the six-year revocation constituted a retrospective application of 23 V.S.A. § 1205(j). Although there is a dearth of authority within this jurisdiction as to what constitutes retrospective legislation, the Supreme Court of Missouri has provided a logical and persuasive treatment of the issue:

---

* Prior to July 1, 1981, the effective date of this amended version, 23 V.S.A. § 1205(a) simply provided that a refusal to submit to a breath test would result in a loss of license for one year. The one-year revocation period was reducible to six months if the offender successfully completed a driver rehabilitation program. 23 V.S.A. § 1205(b).

" 'Retroactive' or 'retrospective' laws are generally defined, from a legal viewpoint, as those which take away or impair vested rights acquired under existing laws, or create a new obligation, impose a new duty, or attach a new disability in respect to transactions or considerations already past." But it has been held specifically that a "statute is not retrospective because it merely relates to prior facts or transactions but does not change their legal effect, or because some of the requisites for its action are drawn from a time antecedent to its passage, or because it fixes the status of a person for the purpose of its operation." It is said to be retroactive "only when it is applied to rights acquired prior to its enactment."

*Barbieri* v. *Morris,* 315 S.W.2d 711, 714 (Mo. 1958) (citations omitted). Thus, the essential inquiry is whether "the act which triggers application of the amended statute occurs after the effective date of the amended statute." *Nix* v. *Tice,* 44 Colo. App. 42, 43, 607 P.2d 399, 400 (1980) ; see also *State* v. *Vashaw,* 113 N.H. 636, 638, 312 A.2d 692, 693 (1973).

As drafted, 23 V.S.A. § 1205(j) required plaintiff, after July 1, 1981, either to refuse to submit to a test, or to be convicted again for DUI, before its provisions became operative. Thus, the statute's enactment had no impact whatsoever on his prior DUI convictions, absent some new act by plaintiff which triggered the statute's rule. The statute neither impaired vested rights nor imposed new duties. Nor, as plaintiff argues, did the statute attach new disabilities to prior transactions. To be considered as attaching new disabilities to prior transactions, the statute would have to have penalized plaintiff anew for his past convictions, without any subsequent actions on his part. Here, the "act which trigger[ed] application of the amended statute occur[red] after the effective date of the amended statute." *Nix* v. *Tice, supra.* For these reasons, we find nothing retrospective about 23 V.S.A. § 1205(j) and thus reject plaintiff's claim that he was denied due process.

The plaintiff next claims that since the district court, after the reasonableness hearing, stated in its order that there was no other evidence presented that this was other than a first refusal offense, the commissioner exceeded his authority

when he issued a six-year revocation. In other words, plaintiff argues that the commissioner should be bound by the district court's evidentiary finding as to the first refusal offense. The simple answer to this claim is that § 1205, as well as the case law construing it, make it abundantly clear that once the court finds that there was a reasonable basis for the request to submit to a breath test, the ensuing license revocation is accomplished purely by administrative action. *Bolio v. Malloy,* 126 Vt. 424, 427, 234 A.2d 336, 339 (1967). "Neither the court nor the commissioner of motor vehicles has been granted discretionary power in this statutory consequence." *Id.* at 427–28, 234 A.2d at 339. Thus, we reject plaintiff's second argument.

■ Finally, plaintiff contends that the "spirit" of *State* v. *Duff,* 136 Vt. 537, 539, 394 A.2d 1145, 1146 (1978), which held that a law enforcement officer must inform an individual of the right to consult an attorney prior to deciding whether to submit to a breath test, was violated when the Vergennes police officer failed specifically to advise him of the consequences of a refusal. Although the findings clearly indicate that plaintiff was told that his refusal would inevitably result in the loss of his license for a period of one to six years, depending on his prior record, plaintiff insists that the officer had the added duty to inform him of the impact of the recently enacted legislation with respect to his individual driving record. The argument is without merit. A police officer is simply not required, under Chapter 13 of Title 23 or by our decision in *Duff,* to inquire of the motorist the state of his or her driving record, or to calculate the length of revocation if there is an election not to take a test, or to inform the motorist of the latest developments in the law.

For the foregoing reasons, the decision of the superior court to grant the commissioner's motion for summary judgment is affirmed.

*Judgment affirmed.*