## Burlington Fire Fighters' Association and Burlington Fire Fighters' Officers Association v. City of Burlington

[543 A.2d 686]

No. 86-422

Present: Allen, C.J., Hill, Peck and Gibson, JJ., and Barney, C.J. (Ret.), Specially Assigned

Opinion Filed February 5, 1988

*Gilbert Myers* and *Hill and Unsworth,* Essex Junction, for Plaintiffs-Appellants.

*William H. Sorrell*, Burlington, for Defendant-Appellee.

**Peck, J.** Plaintiffs, Burlington Fire Fighters' Association and the Burlington Fire Fighters' Officers Association, challenge the validity of a retroactive provision of the City of Burlington's (City) retirement ordinance. Plaintiffs sought to enjoin the City from enforcing the terms of an amendment to the City's pension plan which requires retroactive contributions into the pension fund in exchange for increased benefits. The trial court denied the temporary injunction on November 15, 1984, and on March 25, 1986 it denied the permanent injunction. This appeal followed. We affirm.

Plaintiffs raise three issues on appeal: (1) whether the trial court erred by holding that lack of specific statutory authority to retroactively enforce an ordinance will not bar the City from doing so; (2) whether the trial court erred by finding no impairment of contract by the retroactively applied amendment, and; (3) whether the trial court erred by determining that equitable estoppel did not bar the City from retroactively enforcing the amendment.

The case was submitted to the trial court upon stipulated facts. In July, 1982, the City's Retirement Board began a substantial revision of the retirement ordinance. The revised ordinance provided increased benefits, required greater employee contributions and was applicable to both firefighters and police.* The revised ordinance applied these amendments retroactively to July 1, 1983, although the amendments were not officially enacted until October 29, 1984.

Late in June of 1983, the Burlington Board of Aldermen approved the retirement system budget for the coming year. Without officially adopting the proposed amendments, the Board of Aldermen included in its budget the cost of the additional benefits, taking into account the increased level of contributions. By memorandum dated July 7, 1983, the City Treasurer advised the police and fire departments to begin to withhold the increased

---

* The 1983 revisions include an earlier vesting schedule, allowance for early retirement, increase in the normal retirement benefit after twenty-five years of service regardless of the employee's age at retirement, and they require firefighters and police to increase contributions to the retirement system from four and one-half percent to six percent and extend the period of contribution from twenty-five to thirty-five years of service.

contributions from the pay of firefighters and police. Initially, no individual firefighters authorized the City to withhold from them increased contributions. In September, 1983, three firefighters who were about to retire authorized the withholding.

On October 17, 1983, the Board of Aldermen, by interim resolution, put into effect numerous nondisability related retirement benefit increases retroactive to July 1, 1983. At this same meeting, plaintiffs' representative addressed the Board of Aldermen with the plaintiffs' objections to contributions retroactive to July 1, 1983. The representative expressed the plaintiffs' willingness to make increased contributions effective as of the date of the October 17, 1983 meeting.

By interim resolution on May 7, 1984, the Board of Aldermen put into effect the disability retirement benefits retroactive to July 1, 1983. On October 29, 1984, the Board of Aldermen unanimously adopted the amended retirement ordinance, including added benefits and increased contributions retroactive to July 1, 1983. The Retirement Board determined in September, 1984 that amounts not withheld prior to October 29, 1984, plus eight percent thereof representing amounts the retirement system would have earned on the increased contributions had they been withheld weekly during the retroactive period, would be collected from plaintiffs' salary over a sixteen-month period, equalling that period of time from July 1, 1983, to the October 29, 1984 date that the ordinance amendment was adopted.

Plaintiffs filed a petition in the Chittenden Superior Court for temporary and permanent injunctions in November, 1984. They sought to enjoin the City from enforcing the terms of the retirement system ordinance amendment to the extent it required retroactive application between July, 1983 and October, 1984. The temporary injunction was denied by the court in November, 1984, and the request for permanent injunction was denied in March, 1986. This appeal followed.

■ Plaintiffs first challenge the trial court's determination that the City may enforce an ordinance retroactively when it lacks specific statutory authority to do so. A municipality possesses and may exercise powers and functions specifically authorized by the Legislature, as well as "such powers as are necessarily and fairly implied in or are incident to the powers expressly granted, and such as are essential to the declared objects and purposes of the [municipal] corporation." *Town of Brattleboro* v.

*Nowicki*, 119 Vt. 18, 20, 117 A.2d 259, 260 (1955). See also *Hinesburg Sand & Gravel Co.* v. *Town of Hinesburg*, 135 Vt. 484, 485-86, 380 A.2d 64, 66 (1977) (a municipality has powers specifically authorized by the Legislature and additional powers as may be "incident, subordinate or necessary to the exercise thereof."). In the instant case the City's authority to enact ordinances changing pension benefits was not challenged. See 24 V.S.A. § 1121. Plaintiffs argue, however, that the City had no authority to apply the legislation retroactively. We disagree.

Retrospective application of municipal enactments, while not favored in Vermont, is not expressly prohibited by constitutional provisions or statutes. See 24 V.S.A. § 1972; see also *City of Montpelier* v. *Senter*, 72 Vt. 112, 113, 47 A. 392, 393 (1900) (although retroactive municipal legislation is not favored it may be enforced). This Court has acknowledged that retrospective application of municipal legislation may be valid providing its language clearly indicates the Legislature's intent that it have retroactive effect. See *Senter*, 72 Vt. at 113, 47 A. at 393; see also *Carpenter* v. *Department of Motor Vehicles*, 143 Vt. 329, 332-33, 465 A.2d 1379, 1382 (1983) (Legislature has the power to enact a law which would operate retrospectively from its effective date); *United States* v. *United States Fidelity & Guar. Co.*, 80 Vt. 84, 97, 66 A. 809, 814 (1907) (a statute will be retrospectively construed if "its language is so clear as to admit of no other construction.").

We find that in this case the City properly enforced its ordinance retroactively. The ordinance amendment was passed in October, 1984, but had an effective date of July 1, 1983, and the amendment admits of no construction other than a retroactive one.

The trial court properly concluded that retroactivity alone is an insufficient basis to prohibit the enforcement of the amended ordinance. We agree that absent express statutory or constitutional language to the contrary, the ability to enact retroactive provisions to the pension ordinance may be necessarily and fairly implied from the powers which have been expressly granted to the municipality to adopt firefighter pensions. See 24 V.S.A. §§ 1121, 1122; *Senter*, 72 Vt. at 113, 47 A. at 393; see also 6 McQuillin Mun. Corp. § 20.70 (3d ed. 1988) (in the absence of constitutional prohibition, retroactive municipal legislation is permissible unless it interferes with contract obligations or vested rights).

■ Plaintiffs next challenge the trial court's determination that the City's contract with plaintiffs was not impermissibly impaired by mandatory retroactive pension plan contributions. We note that where an employee makes mandatory contributions to a pension plan, that pension plan becomes part of the employment contract as a form of deferred compensation, the right to which is vested upon the employee's making a contribution to the pension plan. See *Snow* v. *Abernathy*, 331 So. 2d 626, 631 (Ala. 1976) (pension is vested contract right upon acceptance of plan); *Olson* v. *Cory*, 27 Cal. 3d 532, 540, 609 P.2d 991, 996, 164 Cal. Rptr. 217, 222 (1980) (pension plans create vested contract rights accruing upon acceptance of employment); *In re State Employees' Pension Plan*, 364 A.2d 1228, 1235 (Del. 1976) (pension is vested contract right for employees who fulfill pension's eligibility requirements); *Halpin* v. *Nebraska State Patrolmen's Retirement System*, 211 Neb. 892, 898, 320 N.W.2d 910, 914 (1982) (public employee pensions are deferred compensation and create " 'reasonable expectations which are protected by the law of contracts' ") (quoting *Pineman* v. *Oechslin*, 494 F. Supp. 525, 538 (D. Conn. 1980)).

Plaintiffs agree that the City has the right to increase prospectively the required contributions to the plan so long as there is a corresponding increase in the benefits. See *Olson*, 27 Cal. 3d at 541, 609 P.2d at 996, 164 Cal. Rptr. at 222 (no absolute right to fixed or specific benefits); *In re State Employees' Pension Plan*, 364 A.2d at 1235 (pension plan may be reasonably modified); *Bakenhus* v. *City of Seattle*, 48 Wash. 2d 695, 701, 296 P.2d 536, 540 (1956) (an employee's vested contractual "pension rights may be modified prior to retirement . . . ."). Plaintiffs argue, however, that where the employees' rights in the pension plan have vested, the City may not increase the benefits and required contributions retroactively. See *Brazelton* v. *Kansas Public Employee Retirement System*, 227 Kan. 443, 453-54, 607 P.2d 510, 517-18 (1980).

The Contract Clause of the United States Constitution prohibits states and their subdivisions from passing laws which impair the obligations of contract. U.S. Const. art. I, § 10; *Broughton* v. *Pensacola*, 93 U.S. 266, 269 (1876). The Contract Clause, however, is not an absolute bar, preventing the states "from repealing or amending statutes generally, or from enacting legislation with retroactive effects." *United States Trust Co.* v. *New Jersey*, 431 U.S. 1, 17 (1977).

To trigger the constitutional protection of the Contract Clause, there must first be an impairment of a contract. *Id.* Assuming plaintiffs establish the existence of an impairment, such impairment only violates the clause if it is not reasonable and necessary to achieve an important public purpose. *Id.* at 25. The United States Supreme Court has suggested that an overall determination of reasonableness be used to evaluate challenged legislation under the Contract Clause. *Id.* at 22 n.19 (citing *Home Building & Loan Ass'n* v. *Blaisdell,* 290 U.S. 398, 445-47 (1934)). An employee's vested pension rights may, therefore, be modified prior to retirement if such modifications are reasonable, since it allows the pension system to adapt to changing conditions. See *Olson,* 27 Cal. 3d at 541, 609 P.2d at 996, 164 Cal. Rptr. at 222; *Singer* v. *City of Topeka,* 227 Kan. 356, 366, 607 P.2d 467, 475 (1980); *Bakenhus,* 48 Wash. 2d at 701-02, 296 P.2d at 540.

To be sustained as reasonable, " 'alterations of employees' pension rights must bear some material relation to the theory of a pension system and its successful operation . . . .' " *Bakenhus,* 48 Wash. 2d at 702, 296 P.2d at 540 (quoting *Allen* v. *City of Long Beach,* 45 Cal. 2d 128, 131, 287 P.2d 765, 767 (1955)); see *Singer,* 227 Kan. at 366, 607 P.2d at 475. Furthermore, any changes in the plan which result in disadvantage to the employees must be accompanied by comparable new advantages. *Bakenhus,* 48 Wash. 2d at 702, 296 P.2d at 540 (citing *Allen,* 45 Cal. 2d at 131, 287 P.2d at 767).

■ In the instant case, the amendments to the pension plan bear close relationship to the continued success of the pension system to meet the changing needs of municipal employees. Plaintiffs agree that the City had the power to amend the pension ordinance and that the changes made by the new ordinance are beneficial. Although the amendments have a retroactive effect, the fact that legislation is retroactive is not by itself sufficient to establish a violation of the Contract Clause. *United States Trust Co.,* 431 U.S. at 17. In this case the retroactive effect of the increased benefits is simply being offset by the requirement of retroactive contributions. In effect, we find that plaintiffs have not shown that the ordinance amendments created a constitutional impairment of their contract.

■ Plaintiffs' final argument is that the doctrine of equitable estoppel should bar the City from retroactively enforcing the amendment. Equitable estoppel is applied when a party should be

prevented "from asserting rights which may have existed against another party who in good faith has changed his or her position in reliance upon earlier representations." *Fisher* v. *Poole*, 142 Vt. 162, 168, 453 A.2d 408, 411 (1982) (citing *My Sister's Place* v. *City of Burlington*, 139 Vt. 602, 609, 433 A.2d 275, 279 (1981)). However, the use of the doctrine of equitable estoppel against the government is rare and should be allowed only in extraordinary circumstances. *In re McDonald's Corp.*, 146 Vt. 380, 383, 505 A.2d 1202, 1203-04 (1985). The government

> "may be bound by an equitable estoppel in the same man-
> ner as a private party [only] when the elements requisite to
> such an estoppel against a private party are present and . . .
> the injustice which would result from a failure to uphold an
> estoppel is of sufficient dimensions to justify any effect upon
> public interest or policy which would result from the raising
> of an estoppel."

*Id.* at 383, 505 A.2d at 1204 (quoting *Chaplis* v. *County of Monterey*, 97 Cal. App. 3d 249, 258, 158 Cal. Rptr. 395, 400 (1979)).

In addition, we have recognized that "[o]ne who invokes the doctrine of equitable estoppel has the burden of establishing each of its constituent elements." *Fisher*, 142 Vt. at 168, 453 A.2d at 411. In Vermont, the four essential elements of equitable estoppel are: (1) the party to be estopped must know the facts; (2) the party being estopped must intend that his or her conduct shall be acted upon or the acts must be such that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) the party asserting the estoppel must rely on the conduct of the party to be estopped to his detriment. *Id.* at 168, 453 A.2d at 412; see *In re McDonald's Corp.*, 146 Vt. at 384, 505 A.2d at 1204; *Town of Bennington* v. *Hanson-Walbridge Funeral Home, Inc.*, 139 Vt. 288, 293-94, 427 A.2d 365, 369 (1981).

In this case, plaintiffs have not established the existence of the required elements of estoppel, or that any injustice would occur by allowing the pension changes to apply retroactively. Plaintiffs acknowledge that they were advised orally and in writing in July, 1983 to begin withholding the larger contributions which were required to pay for the increased benefits which would also go into effect in July, 1983. Plaintiffs were also informed that the amendment to the ordinance was not yet passed, and would not

formally go into effect until sometime later. Plaintiffs cannot now maintain that they relied on the lower contribution amount of the preamended pension ordinance from July, 1983 until October, 1984, the time to which the ordinance retroactively applies. Accordingly, we hold that plaintiffs' defense of estoppel cannot be sustained. See *Campbell Inns, Inc.* v. *Banholzer, Turnure & Co.*, 148 Vt. 1, 7, 527 A.2d 1142, 1146 (1987); *Champlain Oil Co.* v. *Trombley*, 144 Vt. 291, 296, 476 A.2d 536, 539 (1984).

*Affirmed.*