# David Erno v. Commissioner of Motor Vehicles

[587 A.2d 409]

No. 89-391

Present: Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.

Opinion Filed February 1, 1991

*Steve Dunham,* Public Defender, St. Albans, for Plaintiff-Appellant.

*Jeffrey L. Amestoy,* Attorney General, and *Thomas A. McCormick,* Assistant Attorney General, Montpelier, for Defendant-Appellee.

**Johnson, J.** Plaintiff, David Erno, appeals the dismissal by the Franklin District Court of his appeal from a suspension of

his driver's license by the Vermont Commissioner of Motor Vehicles (hereinafter Commissioner). We reverse and remand to the district court for a hearing on the merits of Erno's appeal.

In January 1987, Erno was convicted in Vermont of driving while under the influence (DUI). In February 1988, Erno was convicted of DUI in Florida. On November 21, 1988, the Commissioner issued an eighteen-month suspension of Erno's right to drive, based on the Vermont and Florida convictions. The Commissioner did not notify Erno of a right to request a presuspension hearing on an out-of-state conviction; instead the suspension automatically became effective five days after the date of mailing.

In April 1989, Erno was charged with driving with license suspended and was assigned counsel. Although Erno's license had been suspended since November 1988, he requested a hearing on the suspension pursuant to 23 V.S.A. § 671a. On May 10, 1989, the Commissioner held a hearing on, and confirmed, Erno's suspension. Erno filed a timely appeal from the hearing decision to the Franklin District Court pursuant to § 671a(c), which affords parties a de novo hearing before the district court to challenge an adverse decision of the Commissioner. The Franklin District Court dismissed the appeal because Erno had not requested a hearing before the Commissioner within ten days of the initial suspension in November 1988, despite the Commissioner's failure to notify Erno of his right to a hearing. The court reasoned that by failing to make a timely request, Erno waived his rights under the statute. This appeal followed.

The issue is whether Erno was entitled to notice and an opportunity to request a presuspension hearing on an out-of-state conviction for a DUI offense pursuant to § 671a. Section 671a requires the Commissioner to give effect to out-of-state convictions for DUI offenses, as if the offenses were committed in Vermont; however, the statute also provides that "the commissioner may not order the revocation or suspension based upon *any* conviction of the operator in any other state . . . until after notice and hearing, if the person or operator of the motor vehicle requests a hearing . . . ." 23 V.S.A. § 671a (emphasis added).

The Commissioner contends that § 671a did not apply to Erno's Florida conviction because Florida is a member of the Driver License Compact, 23 V.S.A. §§ 3901–3910. Section 3905 of the Driver License Compact states, in relevant part:

(a) The licensing authority in the home state, for the purposes of suspension . . . of the license to operate a motor vehicle, shall give the same effect to the conduct reported, pursuant to Article III of this compact, as it would if the conduct had occurred in the home state, in the case of convictions for:

. . . .

(2) driving a motor vehicle while under the influence of intoxicating liquor or narcotic drug, or under the influence of any other drug to a degree that renders the driver incapable of safely driving a motor vehicle . . . .

■  The Commissioner interprets § 3905 to apply both substantively and procedurally, arguing that since there is no right to a presuspension hearing for subsequent Vermont DUI convictions, 23 V.S.A. § 671(e), there is none for out-of-state convictions from participating jurisdictions. Consequently, the Commissioner supports the decision of the district court, but for different reasons. We conclude that Erno was entitled to notice and an opportunity to be heard by the Commissioner before suspension. Given the Commissioner's failure to notify him of his rights, his failure to request a hearing within ten days of the suspension did not constitute a waiver of his rights under the statute.

■  The Driver License Compact was enacted in 1987; section 671a was amended in the same year. There is no language in either statute that limits the application of § 671a to suspensions based on convictions from non-Compact states. Since the legislature retained the language in § 671a that provides for a presuspension hearing for suspensions based on any out-of-state conviction, the Driver License Compact and § 671a are best harmonized by giving effect to the provisions of each statute. See *Verrill v. Daley*, 126 Vt. 444, 446, 236 A.2d 238, 240 (1967) ("Statutes in pari materia are to be construed with reference to each other as parts of one system."). Therefore, the Commissioner shall use the procedures set forth in § 671a for any suspension based on an out-of-state conviction.

As noted above, Erno eventually was granted a hearing by the Commissioner, from which he took a timely appeal to the district court. Because we reverse the decision of the district

court, Erno is now entitled to his hearing on the merits in that court. Therefore, we address Erno's argument that the Florida conviction should have been treated as a first offense to prevent the unconstitutional ex post facto application of 23 V.S.A. § 1211 and the Driver License Compact.

Erno points out that in January 1987, when he was convicted of DUI in Vermont, an out-of-state conviction would not automatically have been used to calculate subsequent convictions under 23 V.S.A. § 1208. The Driver License Compact was enacted and § 1211 modified in July 1987 to mandate consideration of out-of-state DUI convictions in computing subsequent convictions. Therefore, Erno argues that using the preamendment 1987 Vermont conviction in conjunction with an out-of-state conviction to compute subsequent convictions under § 1208 constituted an ex post facto application of the statute, even though the out-of-state conviction occurred after the enactment of the Driver License Compact and the amendment of § 1211. We disagree.

In *Carpenter v. Vermont Department of Motor Vehicles*, 143 Vt. 329, 333, 465 A.2d 1379, 1382 (1983), we explained that retrospective or retroactive laws are "'defined, from a legal viewpoint, as those which take away or impair vested rights acquired under existing laws, or create a new obligation, impose a new duty, or attach a new disability in respect to transactions or considerations already past.'" (quoting *Barbieri v. Morris*, 315 S.W.2d 711, 714 (Mo. 1958)). See *Shaw v. Vermont District Court*, 152 Vt. 1, 7, 563 A.2d 636, 640 (1989). The test, we stated, is "whether 'the act which trigger[ed] application of the amended statute occur[red] after the effective date of the amended statute.'" *Carpenter*, 143 Vt. at 333, 465 A.2d at 1382 (quoting *Nix v. Tice*, 44 Colo. App. 42, 43, 607 P.2d 399, 400 (1980)).

The facts in *Carpenter* are almost identical to the facts in the instant case. Plaintiff, in *Carpenter*, was convicted of DUI in 1975 and in 1979. The DUI statute was then amended to require (a) suspension of a person's license for six years upon a third refusal to submit to a breath test and (b) treatment of convictions prior to the amendment as refusals. Subsequently, in 1981, plaintiff was stopped for suspected DUI and asked to submit to a breath test. He refused. Pursuant to the amended

statute, the two convictions which occurred prior to amendment were treated as refusals. Consequently, the 1981 refusal was treated as a third refusal and plaintiff's license was suspended for six years. Plaintiff argued that the statute had been applied retrospectively, but we disagreed because "the statute's enactment [would have] had no impact whatsoever on his prior DUI convictions, absent some new act by plaintiff which triggered the statute's rule." *Id.* Similarly, here, the statutory amendments would have had "no impact whatsoever" on Erno's prior conviction absent a new act by him which triggered the new rule. Accordingly, there has been no impermissible ex post facto application of the Driver License Compact and § 1211. See *id.* at 333–34, 465 A.2d at 1382; *Shaw*, 152 Vt. at 7, 563 A.2d at 640.

*Cause remanded for a hearing before the district court on the merits of Erno's appeal.*