### Daniel J. MINCHENKO v. VERMONT COMMISSIONER OF MOTOR VEHICLES

[672 A.2d 478]

No. 95-158

December 8, 1995. Defendant driver sued the Commissioner of Motor Vehicles to vacate a license suspension for a third conviction of driving while under the influence (DUI) and to require that any suspension be based on a record of DUI, first offense. The Windsor Superior Court granted the State's motion for summary judgment. We affirm.

In August 1994, defendant was cited for DUI, refusal. Pursuant to 23 V.S.A. § 1205 he was also given a notice of intent to suspend his driver's license. Defendant pled not guilty to the criminal charge and requested a hearing with respect to the civil suspension. At the final hearing on the suspension, defendant stipulated to a finding in favor of the State, and his license was suspended for six months. He subsequently pled guilty to a charge of DUI, first offense, and was sentenced to serve three months to two years in jail, with all time to serve suspended, a fine, and probation.

Following the criminal conviction, the State issued a second notice suspending defendant's driver's license for three years pursuant to 23 V.S.A. § 1208(b). The suspension was based on the Department's motor vehicle records, reflecting prior convictions for "DW1" in June 1981 and "DW2" in January 1983.

Defendant brought the present action to vacate the State's second suspension notice and to require that any suspension

be based upon a record of DUI, first offense. The court granted the State's motion for summary judgment, and this appeal followed.

At issue is action the commissioner took in accordance with 23 V.S.A. § 1208(b), which provides:

> Upon a third conviction of a person violating a provision of section 1201 of this title and upon final determination of any appeal, the court shall forward the conviction report forthwith to the commissioner of motor vehicles. The commissioner shall immediately revoke the person's operating license, or nonresident operating privilege or the privilege of an unlicensed operator to operate a motor vehicle for three years and until the defendant complies with section 1209a.

Defendant's sole argument is that the DUI court identified his conviction as a first offense and that the principle of separation of powers embodied in Chapter II, § 5 of the Vermont Constitution[*] bars administrative agencies like the Department of Motor Vehicles from exercising judicial power to change the nature of his criminal conviction and the consequences that flow from it.

It is important to note that defendant does not challenge the constitutionality of the statutory license suspension scheme as a whole. He rather limits his argument to the point that if the DUI court denominated his conviction as a first offense, the commissioner, who serves in the executive, not the judicial, branch of government, lacks the power to change the

____
[*] Chapter II, § 5 provides as follows:
> The Legislative, Executive, and Judiciary departments, shall be separate and distinct, so that neither exercise the powers properly belonging to the others.

nature of the conviction in her suspension process.

We disagree, because the commissioner did not effect any change in the nature or incidents of the criminal conviction. It is true,̆ but irrelevant to the present case, that the determination of whether a person is subject to liability as a subsequent offender is a criminal rather than a civil proceeding. *State v. Cameron*, 126 Vt. 244, 249-50, 227 A.2d 276, 280 (1967). Thus, under 23 V.S.A. § 1210 the number of DUI convictions is relevant to the sentencing court, since enhanced criminal penalties may result.

But the suspension or revocation of an operator's license as a result of a DUI conviction is an administrative, not a criminal, action performed by the Commissioner of Motor Vehicles. *Bolio v. Malloy*, 126 Vt. 424, 427, 234 A.2d 336, 339 (1967). As we stated in *State v. Strong*, 158 Vt. 56, 63, 605 A.2d 510, 514 (1992):

> [T]he license suspension proceeding is not a criminal prosecution . . . . The Legislature intended a civil proceeding; the civil procedure rules apply; the evidentiary standard of proof is civil; and, finally, no criminal sanction may be imposed through the proceeding – only license suspension can take place.

Accord *State v. O'Brien*, 158 Vt. 275, 277, 609 A.2d 981, 982 (1992).

When a record of a DUI conviction crosses the commissioner's desk, her role is simply to count the total number of valid convictions, and then to act in accordance with the statutory mandate. A district court's designation of a DUI conviction as a first offense does not vitiate the character of the conviction as a conviction. Nor may its conviction orders be read to delete prior convictions from the records of an independent branch of government – the very kind of constitutional violation that defendant urges this Court to disallow.

We decided essentially the question now before us, albeit absent a constitutional claim, in *Carpenter v. Department of Motor Vehicles*, 143 Vt. 329, 333-34, 465 A.2d 1379, 1382 (1983). In that case the district court found that there was no evidence other than that the conviction of the defendant was his first refusal offense. The defendant then argued on appeal that the commissioner should be bound by the finding of the convicting court. We held, to the contrary, that once a conviction is entered by the district court, "'[n]either the court nor the commissioner of motor vehicles has been granted discretionary power in this statutory consequence.'" *Id.* at 334, 465 A.2d at 1382 (quoting *Bolio*, 126 Vt. at 427-28, 234 A.2d at 339).

The present case, in constitutional garb, raises no questions not settled in *Bolio* and *Carpenter*. It is not a violation of Chapter II, § 5 for the commissioner to follow her mandate to the letter, under a statutory scheme that makes her role, and that of the courts, clear and distinct.

*Affirmed.*