In Re: Casimiro Gomez.

February Term, 1943.

Present: Moulton, C. J., Sherburne, Buttles, Sturtevant and Jeffords, JJ.

Opinion filed May 4, 1943.

*Cornelius O. Granai* for the petitionee.

*Reginald T. Abare,* State's Attorney, for the State.

Sturtevant, J.   This proceeding was commenced before the Barre Municipal Court acting as a juvenile court under the provisions of P. L. chapter 226, sec. 5445.   In a petition filed in that court it was alleged that one Casimiro Gomez, a minor under the age of sixteen years, is a delinquent child within the meaning of P. L. 5444.   At the time of the hearing on the petition the minor appeared before the court with his counsel and demanded a jury trial.   This demand was refused and the court proceeded to hear the case and to dispose of it in a summary manner in accordance with the provisions of P. L. 5450.   Upon consideration of the evidence introduced the court found the minor to be a delinquent child as alleged in the petition and ordered him committed to the Weeks School at Vergennes until he shall reach.the age of eighteen years.   The case is here upon the minor's exceptions saved to the refusal of the court to grant him a jury trial and in accordance with the provisions of P. L. 1431.

The minor contends that in the proceedings below he was charged with having committed a breach of the peace and so being

charged with the commission of a crime he was entitled to a jury trial under the provisions of Chapter 1, article 10, of the constitution of Vermont. Therefore, he insists that the provisions of P. L. chapter 226, by authority of which the court proceeded to hear and dispose of this case, are unconstitutional and void.

However, the nature and quality of the provisions of P. L. chapter 226, formerly G. L. chapter 319, were considered by this Court in the *Hook* case, 95 Vt 497, 499, 115 A 730, 731, 19 ALR 610. We there held that: "Chapter 319 of the General Laws, being passed for the protection of a class of minors unable adequately to protect itself, was enacted in a valid exercise of the police power of the State. Tiedman secs. 52, 196 A; *Ex parte Jannszewski,* 196 F 123; *State* v. *Issenhuth,* 34 SD 218, 148 NW 9; *In re Johnson,* 173 Wis 571, 181 NW 741. In none of its aspects is it criminal. *House of Refuge* v. *Ryan,* 37 Ohio St 197; *State* v. *Bryant,* 94 Neb 754, 144 NW 804; *Farnham* v. *Pierce,* 141 Mass 203, 6 NE 830, 55 Am Rep 452; *Ex parte Jannszewski, supra; In re Antonopulos,* 171 App Div 659, 157 NYS 587; *In re Turner,* 94 Kan 115, 145 P 871, Ann Cas 1916E 1022. It is not penal, but protective. It does not seek to punish the child or its parents for misdeeds or shortcomings. It steps in merely to save the child from the evil tendencies of its situation, and to give it more efficient care and training, to the end that it may become a more worthy and useful member of society." Also see Annotation, 67 ALR 1082; *Cinque* v. *Boyd,* 99 Conn 70, 121 A 678; *Lindsay et al.* v. *Lindsay et al.* 257 Ill 328, 100 NE 892, 45 LRANS 908, Ann Cas 1914A 1222, 31 Am Jur 804, sec. 38. The provisions of the chapter in question are to be liberally construed. P. L. 5470.

■■ The welfare of the child lies at the very foundation of the statutory scheme. From the time when the court determines that a child comes within the classes specified therein, such child becomes a ward of the court and so remains during the remainder of his minority unless sooner "discharged" as provided by law. *In re Hook,* 95 Vt at 499, 115 A 730, 19 ALR 610. Thus it appears that the court has authority to modify its orders from time to time and when in its discretion the best interests of the child require this to be done then it is the duty of the court to do so.

From the foregoing it follows that the court's refusal to grant a jury trial in compliance with the minor's demand was without error. *Exceptions overruled and cause remanded.*