# State of Vermont v. Mark D. Comstock

[494 A.2d 135]

No. 84-188

Present: Allen, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed April 12, 1985

504

*Kevin G. Bradley,* Chittenden County State's Attorney, and *Theresa St. Helaire,* Legal Intern, Burlington, for Plaintiff-Appellee.

*Wool & Murdoch,* Burlington, for Defendant-Appellant.

**Gibson, J.** Defendant appeals his conviction for driving while under the influence of intoxicating liquor, 23 V.S.A. § 1201(a)(2). He claims (1) the State did not meet its burden to prove, beyond a reasonable doubt, that he was under the influence of intoxicating liquor; (2) the officer who administered the "breath test" lacked sufficient grounds to request a test; (3) the test results should not have been admitted because an evidentiary chain of custody was not sufficiently established; and (4) the breath test results should not have been admitted because they were unfairly prejudicial. We disagree and affirm.

## I.

With respect to defendant's first issue, the evidence, taken in the light most favorable to the State, *State* v. *Lupien,* 143 Vt. 378, 381, 466 A.2d 1172, 1174 (1983), establishes that, at noon on a clear December day in the University Mall parking lot in South Burlington, defendant put his vehicle in reverse and,

despite persistent honking from the vehicle behind him, backed into it without braking.

Officer LaFountain of the South Burlington Police Department investigated the accident. Because it was cold, he asked the operators of the two cars to sit with him in the police car. At that time he noted that defendant's speech was slurred, and he detected the odor of alcohol on defendant's breath. He informed defendant that he could smell intoxicants on defendant's breath and asked him to step outside. Outside the car, defendant said he had not been drinking at all. When defendant removed his sunglasses, the officer saw that defendant's eyes were bloodshot and glassy and his pupils dilated. Stepping close to defendant, the officer confirmed the odor of alcohol on defendant's breath. Defendant then said he had consumed no alcohol since the previous night. LaFountain also noted that defendant was unsteady on his feet.

Officer LaFountain then told defendant a breath test would be requested, and he radioed for another officer to administer the test while he continued his accident investigation. Officer Rhodes arrived and took defendant to the nearby South Burlington Police Station, where she administered the test, subsequently wrapping the information sheet and the sample box in a rubber band for transfer to the state laboratory. At the lab, the materials were opened and analyzed, yielding a result of .11 ratio of alcohol to body weight, which, when related back to the time of operation, provided a reading of .12 percent.

On the basis of this evidence, a reasonable jury could conclude beyond a reasonable doubt that defendant was driving while under the influence. *State* v. *Derouchie*, 140 Vt. 437, 445, 440 A.2d 146, 150 (1981). Officer LaFountain's observations of defendant, along with the breath test result, are sufficient to establish that defendant drove notwithstanding observable "loss of full control over the faculties of mind and body" as a result of liquor consumption. *State* v. *Carmody*, 140 Vt. 631, 638, 442 A.2d 1292, 1295 (1982). Thus, defendant's first argument must fail.

## II.

Although defendant did not move before trial to suppress the test results, he claimed at trial that Officer Rhodes had no "reasonable ground" to administer the test, and therefore vio-

lated 23 V.S.A. § 1202(a) (Supp. 1984). That statute provides in part:

> A sample of breath shall be taken only by a law enforcement officer who has been certified . . . to operate the breath testing equipment being employed whenever a state police officer or a law enforcement officer who has been certified by the Vermont criminal justice training council . . . has reasonable grounds to believe that the person was operating, attempting to operate or was in actual physical control of any vehicle while under the influence of intoxicating liquor.

The decision to administer the breath test was reached not by Officer Rhodes, but by Officer LaFountain. Faced with conflicting duties, LaFountain delegated administration of the test to Officer Rhodes, while he concluded his accident investigation.

■■ The purpose of the "reasonable grounds" language in 23 V.S.A. § 1202(a) is simply to require that a certain amount of evidence exist before an officer may take a breath test. See *McGarry* v. *Costello,* 128 Vt. 234, 238–39, 260 A.2d 402, 404–05 (1969) (decided under predecessor statute, 23 V.S.A. § 1188) (officer makes initial "reasonable ground" determination, subject to judicial review). It is clear from the evidence that Officer LaFountain had "reasonable grounds" to believe that defendant had been operating while under the influence. Such being the case, it does not matter whether he administered the breath test himself or delegated that task to another qualified officer, such as Officer Rhodes. The plain language of the statute permits this procedure. There was no error in the administration of the test.

### III.

■■ Defendant next argues that the State did not establish a chain of custody of the test sample between the time when the test was taken by Officer Rhodes and the time the sample was analyzed. We disagree. This Court has previously held that "[a]lthough there is a gap in that recital, . . . [t]he chain need not be perfectly established. 'The circumstances need only establish reasonable assurance of the identity of the sample.' *State* v. *Ross,* 130 Vt. 235, 241, 290 A.2d 38, 42 (1972)." *State* v. *Stevens,* 137 Vt. 473, 477, 408 A.2d 622, 625 (1979).

The sample arrived at the state laboratory in the same condition it was in when Officer Rhodes prepared it for mailing. The seals were intact, and the sample request form was wrapped around the box. There was no evidence of tampering with, change in, or confusion of the sample during the mailing. We conclude that there was no legally fatal deficiency in the chain of custody in this case.

## IV.

Finally, defendant points out that this was a case under 23 V.S.A. § 1201(a)(2), based upon "physical manifestations capable of observation . . . ," *Carmody, supra,* 140 Vt. at 638, 442 A.2d at 1295, not a § 1201(a)(1) case charging a ".10 per cent or more by weight of alcohol in [the] blood." He claims that testimony by the State's chemist, that defendant's test result was .11, was unfairly prejudicial and should have been excluded.

Defendant's theory, that numerical breath test results are unfairly prejudicial in a § 1201(a)(2) case, was addressed by this Court in *State* v. *Carter,* 142 Vt. 588, 458 A.2d 1112 (1983). In *Carter,* the Court noted that the decision to admit or reject relevant breath test evidence involves a balancing of probative value against the danger of unfair prejudice, and rests within the court's discretion. *Id.* at 591–92, 458 A.2d at 1115. See V.R.E. 403. Such decision will only be reversed if it is shown that the judge totally withheld that discretion or exercised it on clearly untenable or unreasonable grounds. *State* v. *Chambers,* 144 Vt. 377, 381, 477 A.2d 974, 977 (1984). Here, not only was the test result logically relevant to establish that defendant was under the influence of intoxicating liquor, but it was also relevant to rebut statements by defendant that he had not been drinking at all that day and had consumed no alcohol since the previous night.

Title 23 V.S.A. § 1204(a)(3) provides that, for a person alleged to have been operating, attempting to operate or in actual physical control of a vehicle on a highway,

> If there was at that time 0.10 per cent or more by weight of alcohol in the person's blood or breath, as shown by analysis of the person's blood or breath, it shall be presumed that the person was under the influence of intoxicating liquor in violation of section 1201(a)(2) . . . .

In *State* v. *Dacey*, 138 Vt. 491, 496, 418 A.2d 856, 859 (1980), this Court held that 23 V.S.A. § 1204(a)(3) *"permits but does not compel* a jury finding that defendant was under the influence of intoxicating liquor" at the time of operation. (Emphasis in original.)

Here, the trial judge instructed the jury that, as a result of the test evidence, it was "permitted to make" or "free to disregard" an inference that defendant was under the influence at the time of operation. The court also stated that defendant could only be convicted if he were proven guilty beyond a reasonable doubt of each element of the offense, and the court properly defined those elements for the jury. Under these circumstances, we conclude that the trial court did not abuse its discretion in admitting the numerical breath test result.

*Affirmed.*