# George Shaw v. Vermont District Court, Unit No. 3, Franklin Circuit and William Conway

[563 A.2d 636]

No. 86-286

Present: Allen, C.J., Peck, Gibson and Dooley, JJ., and Springer, D.J. (Ret.), Specially Assigned

Opinion Filed June 16, 1989

*Steve Dunham* and *Peter Miller*, Public Defenders, St. Albans, for Plaintiff-Appellant.

*Howard E. VanBenthuysen*, Franklin County State's Attorney, *Howard W. Stalnaker*, Deputy State's Attorney, and *Peggy Larson*, Law Clerk (On the Brief), St. Albans, for Defendants-Appellees.

**Dooley, J.** Plaintiff appeals a superior court decision upholding the district court's refusal finding made pursuant to 23 V.S.A. § 1205(e) (fourth refusal to submit to alcohol testing). The superior court also upheld the suspension issued by the Commissioner of Motor Vehicles. Plaintiff makes four arguments on appeal: (1) the license of a nonoperator cannot be suspended for failure to take a test; (2) the district court used an inadequate standard of proof in determining that plaintiff's license should be suspended; (3) plaintiff had a right to trial by jury in the district court on the refusal issue; and (4) the lifetime suspension imposed under 23 V.S.A. § 1205(e) represents an ex post facto punishment. We reject each of these contentions and affirm.

The facts are as follows. Plaintiff and a friend, Mary Bueb, left a party in Fairfax, Vermont. Ms. Bueb drove and intended to take plaintiff to his home in Fletcher. Plaintiff was very drunk and insisted that Ms. Bueb drive to a local bar for a last drink. She feigned agreement in order to induce him to leave the party. When plaintiff fell asleep in the car, however, Ms. Bueb headed toward his home.

Plaintiff awoke before being safely transported to his house and became "obnoxious." He grabbed the steering wheel with both hands and, through his control of the vehicle, forced it off the road into a fallow field. Ms. Bueb walked away from the vehicle leaving him alone in the vehicle.

The state police were notified of the situation by a Mrs. Poulin. She informed the police that plaintiff was in a car off the road, that she believed he was drunk, and that she believed he had been operating the car without the owner's permission. An officer responded and discovered the car sitting in the field with plaintiff asleep on the back seat. The officer woke him by pushing and yelling at him several times. Once plaintiff was up and out of the vehicle, the officer asked him if he was the operator of the vehicle. He answered yes.

The police believed plaintiff was under the influence of alcohol. As the officer testified, "he reeked of the booze, his eyes were bloodshot, he was staggering all over the place, and he fell down while he was urinating." Plaintiff was brought to the state police barracks for processing for driving while intoxicated. He was given his "Miranda" rights. He refused a lawyer, signed a Miranda advice form and agreed to speak with the police. However, he refused to give a breath sample when requested.

Plaintiff first argues that a passenger of a motor vehicle is not subject to the implied consent law and that his driver's license cannot be suspended for refusing a breath test. He makes this argument based on the wording of § 1202(a), which provides that a "person who operates, attempts to operate or is in actual physical control of any vehicle on a highway" is deemed to have given his consent to a breath test. In plaintiff's view, a person who does not meet the operation or control requirement has not given his consent for a breath test and can refuse to give one. Further, he argues that the evidence

in this case shows that plaintiff was a passenger in the vehicle and did not operate or control it.

The weakness in plaintiff's argument is that it overlooks the specific statute that governs the refusal hearing. The relevant statute provides in part:

> If the person refuses to submit to an evidentiary test it shall not be given .... If the person is charged with a violation of the vehicle laws, the court at the arraignment or as soon thereafter as is practicable shall hold a summary hearing, and take evidence relating to the reasonableness of the officer's belief that the defendant was operating, attempting to operate or in actual physical control of a vehicle on a highway while under the influence of intoxicating liquor ....

23 V.S.A. § 1205(a). If the trial court finds "that the officer had *reasonable grounds to believe* that the [plaintiff] was so operating, attempting to operate, or in actual physical control of a motor vehicle on a highway," *id.* (emphasis added), then upon a fourth or subsequent refusal to submit to testing the Commissioner of Motor Vehicles may revoke the person's operating privilege for life. 23 V.S.A. § 1205(e). This language makes clear that the trial court does not have to find that the plaintiff was operating or attempting to operate the vehicle or was in control of the vehicle. Instead, the court must find that the officer had reasonable grounds to believe there was operation or control. The fact of operation or nonoperation is irrelevant to the court's determination; in the appropriate case, a passenger's license may be suspended for failure to take a breath test.

 In interpreting a statute, we are required first to look at the plain meaning of the language. See *Lubinsky v. Fair Haven Zoning Bd.*, 148 Vt. 47, 49, 527 A.2d 227, 228 (1986) ("first recourse in applying a statute is to examine the plain meaning of the language used in light of the statute's legislative purpose and in terms of its impact on the factual circumstances under consideration"). Of course, we must avoid a construction that will defeat the purpose of the statute. See *State v. Roy*, 151 Vt. 17, 25, 557 A.2d 884, 889 (1989). In this case, only the plain meaning will implement fully the intent of the Legislature that the need to request a breath test be

determined through the eyes of the officer and not independently through hindsight by the court.

■ We are aware that our construction of § 1205 can be argued to create a superficial conflict between the scope of § 1205 and the general statement of implied consent in § 1202(a). The general implied consent statement is actually an expression of legislative policy that those who drive are subject to chemical testing. This policy statement is subject to implementation in the later sections of the statute in clear and precise terms. The manner of implementation provided is sufficiently within the policy statement that we must enforce the specific language of § 1205(e). See *State v. Nordness*, 128 Wis. 2d 15, 27–28, 381 N.W.2d 300, 305 (1986).

■ The correct question is, therefore, whether the superior court abused its discretion in upholding the district court's finding, based upon the record before it, that the trooper had reasonable grounds to believe that plaintiff was operating a motor vehicle while under the influence of alcohol. See *State v. Lynaugh*, 148 Vt. 124, 126–27, 530 A.2d 555, 557 (1987). The record clearly supports the district court's determination that reasonable grounds to believe plaintiff was the operator existed in this case, especially because he told the trooper that he had operated the vehicle.

Plaintiff's second argument is that the district court used a probable cause standard when it should have used at least a preponderance of the evidence standard. He confuses two standards of proof used in a refusal case. The first standard relates to the officer and requires that the officer have "reasonable grounds to believe that" the plaintiff was operating, attempting to operate or in physical control of the vehicle on a highway while under the influence of alcohol. 23 V.S.A. § 1205(a). In *State v. District Court*, 129 Vt. 212, 215, 274 A.2d 685, 686 (1971), this Court noted that the determination of the officer's reasonableness is similar to a probable cause determination made to obtain a search or arrest warrant. The purpose of the determination is to ensure the officer has a "certain amount of evidence" of operation while under the influence before requesting that the individual involved take a breath test. *State v. Comstock*, 145 Vt. 503, 506, 494 A.2d 135, 137 (1985).

 The second standard relates to the court's finding that the officer had the requisite "reasonable grounds to believe." See 23 V.S.A. § 1205(a). The statute does not specify the standard of proof for this determination, and the district court assumed it would be "a civil standard of proof." The district court's conclusion was clearly correct since a refusal hearing is an administrative proceeding in the nature of a civil hearing. See *State v. Lynaugh*, 148 Vt. at 126, 530 A.2d at 557. Generally, the standard of proof for civil and administrative proceedings in this state is a preponderance of the evidence. See *In re Muzzy*, 141 Vt. 463, 472–73, 449 A.2d 970, 974 (1982) (administrative); *In re Estate of Delligan*, 111 Vt. 227, 235, 13 A.2d 282, 287 (1940) (civil).

 We conclude that the district court used a preponderance of the evidence standard in making *its* determination and that the standard used was correct. There are no grounds for plaintiff's standard of proof argument.[1] We also note, as the superior court found, that the evidence on the factual questions properly in issue was overwhelming. The standard of proof question is of no practical significance in this case.

Plaintiff's third claim is that he was entitled to a trial by jury under the Vermont Constitution, Chapter I, Articles 10 and 12 and Chapter II, § 38. None of these provisions establish such a right in this case.

Article 12 of Chapter I, and its companion provision in § 38 of Chapter II, provide for a right to trial by jury on issues of fact "proper for the cognizance of a jury." The quoted language refers to the right to trial by jury as it existed at common law. See *Dempsey v. Hollis*, 116 Vt. 316, 318, 75 A.2d 662, 663 (1950). Thus, the constitutional right does not apply to proceedings unknown at common law. See *State Dep't of Taxes v. Tri-State Industrial Laundries, Inc.*, 138 Vt. 292, 297, 415 A.2d 216, 220 (1980). This proceeding was unknown at common law, and thus there is no right to trial by jury in it.

---

[1] Plaintiff here couches his argument in terms of a denial of due process of law without specifying the nature of the violation. In any event, the issues raised seem to be resolved in *Illinois v. Batchelder*, 463 U.S. 1112 (1983), where the United States Supreme Court upheld a similar Illinois statute against a due process attack. See also *Mackey v. Montrym*, 443 U.S. 1 (1979).

■ Alternatively, a right to trial by jury is guaranteed in "prosecutions for criminal offenses" by Chapter I, Article 10 of the Vermont Constitution. That right does not apply in noncriminal proceedings even though the matters in issue may also relate to possible crimes. See *In re Gomez*, 113 Vt. 224, 224–25, 32 A.2d 138, 139 (1943) (juvenile delinquency proceedings). We have consistently held that a refusal hearing is a summary hearing of a civil nature and is not a criminal prosecution. See *Lynaugh*, 148 Vt. at 126, 530 A.2d at 557; *Pfeil v. Rutland District Court*, 147 Vt. 305, 307, 515 A.2d 1052, 1054 (1986). There is no constitutional right to trial by jury at a refusal hearing.

■ Plaintiff's final argument is that the lifetime suspension of his driver's license is unconstitutional as a retroactive application of 23 V.S.A. § 1205. This argument is based on the fact that one of the convictions used to determine the length of suspension occurred in 1976, before the enactment of the legislation that allows the lifetime suspension for a fourth occurrence of a refusal to submit to testing.[2] See 23 V.S.A. § 1205(e). This argument was specifically rejected in *Carpenter v. Vermont Department of Motor Vehicles*, 143 Vt. 329, 333, 465 A.2d 1379, 1382 (1983) ("The statute neither impaired vested rights nor imposed new duties."; statutory scheme therefore not retrospective and due process not violated). We see no reason to overrule that holding.

*Affirmed.*

---

[2] Under 23 V.S.A. § 1205(g), each conviction for driving under the influence of intoxicating liquor under 23 V.S.A. § 1201(a) counts as a refusal. In this case, prior convictions are being counted in determining the length of suspension.