**Russell L. Brow v. District Court of Vermont, Unit No. 3, Franklin Circuit, and William Conway, Commissioner of Motor Vehicles**

[572 A.2d 1347]

No. 87-112

Present: Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.

Opinion Filed January 19, 1990

*Steven Dunham*, Public Defender, and *Peter Miller*, Law Clerk (On the Brief), St. Albans, for Plaintiff-Appellant.

**Peck, J.** Petitioner appeals from a decision of the Franklin Superior Court denying extraordinary relief from a district court order in a proceeding under 23 V.S.A. § 1205(a). The district court concluded that a police officer had properly stopped plaintiff on suspicion of operating a motor vehicle while intoxicated, thereby allowing suspension of plaintiff's operator's license since he refused to submit to an evidentiary test. We affirm the denial of extraordinary relief.

Petitioner was stopped by Officers Sweeney and Rocheleau of the Swanton Police Department on July 30, 1984. A refusal hearing under 23 V.S.A. § 1205(a) was conducted on October 22 and November 8, 1984. Officer Rocheleau testified that after petitioner was brought to the station for DUI processing and after he consulted an attorney, he made an apparent attempt to give a breath sample, but the "bag was not filling up." Further instruction and further apparent attempts led to the same result. The officer described petitioner as "uncooperative," and the State's position was that petitioner repeatedly feigned inability to give a sample, since he had no difficulty with the earlier alcosensor test. According to Officer Sweeney's testimony, petitioner appeared to have no breathing problems while talking to his attorney by telephone.

After thirty minutes, petitioner was taken to the hospital for a blood sample, but demanded that his own physician take the sample. Officer Rocheleau testified that petitioner's doctor was in Burlington, about an hour away from the hospital. At this point the police treated the matter as a refusal to allow any evidentiary test, and they took petitioner home.

The trial court concluded that the officers' stop of petitioner had been proper, and the present appeal followed.

I.

The first issue petitioner raises is that he was denied his right to counsel because the proximity of a police officer during his conversation with his attorney infringed on his rights guaranteed by 23 V.S.A. § 1202(c). We held in *State v. West*, 151 Vt. 140,

144, 557 A.2d 873, 876 (1988), that "[a] defendant's right to a meaningful consultation with counsel contemplates a reasonable degree of privacy." We went on to note, however, that absolute privacy is not always possible. *Id.* Moreover, absent some evidence suggesting that the defendant "felt inhibited, coerced or restricted by the presence of a police officer during his conversation with counsel," the statutory mandate may be fulfilled. *Id.*

Petitioner's position at his refusal hearing was that he had indicated his willingness to take a test within the prescribed thirty minutes and that the State failed to prove refusal. The district court concluded that petitioner's insistence that his own doctor, who was not available, be present to administer the test was a precondition amounting to a refusal. See *State v. Mastaler*, 130 Vt. 44, 53, 285 A.2d 776, 782 (1971). The superior court agreed that he had refused to take the test. Petitioner does not contend that counsel had advised him to feign agreement to a test and does not suggest any theory by which his alleged refusal, after apparent consent, could have been prompted by the police observation of the conversation with his attorney.

█ Petitioner argues that the State introduced evidence about what the police observed during the phone conversation between petitioner and his attorney. Information learned from overhearing a conversation can assist the prosecution by, for example, leading to other admissible evidence. In the matter before us, however, petitioner does not argue, and there was no showing, that any information from the conversation was noted, transmitted, or subsequently used by the State. *State v. West*, 151 Vt. at 145, 557 A.2d at 877. It was the State's observation of petitioner's demeanor during the conversation that was at issue, and as nonverbal conduct, that demeanor was open to observation by others. No use of the content of the conversation between petitioner and his attorney was made during trial, and therefore no error was committed in allowing testimony about his apparent ability to converse without the claimed breathing difficulties.

## II.

Petitioner next asserts that he was denied a fair hearing at the refusal proceedings by the exclusion of two classes of evidence that would have shown bias on the part of the arresting officer. The first claim of error concerns petitioner's attempt to establish that there had been no reasonable grounds for the stop and that Officer Rocheleau stopped him to prevent him from visiting his ex-wife. The prosecution objected to the petitioner's asking Officer Rocheleau about the officer's relationship with petitioner's ex-wife. The court questioned defense counsel about the relevancy of the evidence sought from Officer Rocheleau and asked the officer a single question about his "keeping the Defendant away from his ex-wife's residence." The court then directed counsel to "go on to something else," but counsel pursued the relationship between Officer Rocheleau and petitioner's ex-wife before turning to another topic. In sum, it is not clear that any evidence was excluded by the trial court concerning Officer Rocheleau.

Secondly, petitioner claims that he was prevented from testifying about his conversation with Officer Rocheleau after the initial stop. The questioning proceeded as follows:

Q What do you recall being the first words exchanged between yourself and Officer Rocheleau?

A He asked me where, where I had been and I said I was— He said, "What are you doing up this way," and I said I was checking on my ex. He said, "Well, you have no business checking on your ex since you and her are divorced."

[State's Attorney]: I'm going to object to any of the testimony of this witness recounting words spoken by Mr., Officer Rocheleau. Obviously hearsay and—

THE COURT: Well, that's not hearsay.

[State's Attorney]: Well, it's intended to prove the truth of the matter asserted.

THE COURT: No. It's not. I guess it's being introduced to contest his credibility.

[Defendant's counsel]: Yes.

THE COURT: I don't think that that's hearsay.

[Defendant's counsel]: It's not offered for the truth of the matter asserted.

■ Having overruled the hearsay objection, the court disallowed further questioning on the subject "unless there's a real substance here." But other than stating that Officer Rocheleau's testimony was "point-blank the opposite of what Mr. Brow just stated," counsel did not suggest how further pursuit of the topic would have varied from the testimony which the court had already allowed, over the State's objection. Whatever further objection he might have had to the judge's ruling he failed to present, and it may not be raised here for the first time. *State v. Byrne*, 149 Vt. 257, 261, 542 A.2d 667, 669–70 (1988).

### III.

■ Petitioner next asserts that he was entitled to a jury trial on any factual disputes before his license could be suspended for refusal to take a breath or blood test, that the trial court employed an erroneous standard of proof, and that the three-year suspension of his operator's license is unconstitutional. All three of these issues were disposed of in *Shaw v. Vermont District Court*, 152 Vt. 1, 563 A.2d 636 (1989). *Shaw* held that an operator's license may be suspended for failure to submit to a breath test, *id.* at 4–5, 563 A.2d at 638; that a jury trial is not constitutionally required at a refusal hearing, *id.* at 6–7, 563 A.2d at 640; and that the preponderance of the evidence standard is correctly used at a refusal hearing, *id.* at 6, 563 A.2d at 639. We decline to reconsider these questions here.

Finally, petitioner finds an inconsistency in the district court finding that defendant refused to take either the breath or the blood test and states that he was "prejudiced by having to confront both allegations and having allegations concerning one considered with respect to the other." Petitioner does not explain the nature of the prejudice, and it is not apparent from the record. The findings comport appropriately with the facts of this case and are not inconsistent with law.

*Affirmed.*