**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

Secretary, Vermont Agency of
Natural Resources, Plaintiff    }
                                }
v                               }    Docket No. 166-8-02 Vtec
                                }
Thomas L. O' Brien and Nancy    }
J. O' Brien, Respondents.

Decision and Order on Motions to Dismiss or for Jury Trial

The Secretary of the Agency of Natural Resources issued an administrative order pursuant to 10 V.S.A. § 8008, served on Respondents on July 19, 2002, stating violations of 10 V.S.A. § 1259(a) (discharge to state waters without a permit); of Vermont Wetland Rules § § 6.3 and 6.8 (dredging, ditching, or draining without a conditional use determination); of 10 V.S.A. § 1082 (creation of a pond of over 500,000 cubic feet of water without a permit; and of 10 V.S.A. § 1264 (discharge of stormwater runoff). The Administrative Order assessed a monetary penalty and set out requirements for Respondents to develop and carry out a remedial plan.

On August 2, 2002, Respondents requested a hearing in Environmental Court. it has been scheduled by agreement of the parties to be held on October 9 and 10, 2002. Respondents are represented by Jack Long, Esq.; the Secretary of the Agency of Natural Resources is represented by Gary Kessler. Respondents have moved to dismiss due to the Secretary' s failure to file the pretrial memorandum required by V.R.C.P. 76(d)(3)(B)(i). In the alternative, Respondents have requested a jury trial.

Motion to Dismiss

V.R.C.P. 76(d)(3)(B) (i) requires that, within 7 days of the filing of a notice of request for hearing, the Secretary shall file a pretrial memorandum which shall include a list of witnesses and a summary of any evidence which the Secretary plans to present in support of the administrative order. This requirement is not jurisdictional; it simply provides a mechanism for disclosure of the parties' positions in the absence of a mechanism such as the filing of a complaint and answer, and also allows discovery to occur prior to the hearing on the merits. The extremely short time frame allows the parties time to prepare for the hearing even if it is held within the thirty-day time period provided by statute.

In the present case, an initial pretrial scheduling and discovery conference was held on August 5, 2002, only three days after the request for hearing was filed. At that conference, the parties agreed that they preferred that the hearing <u>not</u> be held within the statutory thirty days after filing of the notice of request for hearing, and that the hearing could be expected to occupy two days.

By agreement of the parties at that conference, they selected the consecutive trial dates of October 9 and 10, 2002, rather than two separate trial dates in September. They also agreed to the submittal of any prefiled testimony by October 4, 2002 and that any written requests for findings or trial memoranda would be filed at the first day of trial.

It is possible that the ANR attorney assumed that this latter agreement for the filing of memoranda stood in lieu of the pretrial memoranda required of both parties by V.R.C.P. 76(d)(3)(B). It does not do so, because one purpose of the pretrial memoranda, as distinct from the trial (or post-hearing) memoranda, is to allow the parties to prepare for trial and exchange discovery. However, there is still a month before trial and the Secretary' s failure to file the memorandum is not grounds for dismissal of the Administrative Order; Respondents' motion to do so is DENIED. Rather, the Secretary shall file the required pretrial memorandum as soon as possible and so that it reaches Respondents' attorney no later than noon on Monday, September 16, 2002. Please note that the reciprocal requirement of Respondents' pretrial memorandum is then triggered by receipt of the Secretary' s memorandum. V.R.C.P. 76(d)(3)(B)(ii).

Request for Jury Trial

The Administrative Order imposed a monetary penalty, and also required Respondents to perform remedial work. 10 V.S.A. § 8008. The Uniform Environmental Enforcement Act (10 V.S.A. Chapter 201), authorizing the Administrative Order, is distinct from 10 V.S.A. § 8221, which provides for civil penalties and equitable enforcement in superior court, and is also distinct from the various criminal penalties preserved by 10 V.S.A. § 8003(b). Chapter 201 of Title 10 created a new system of administrative orders, which may include monetary penalties, to be issued in the first instance by the Secretary of the Agency of Natural Resources. It provides for prompt judicial review in Environmental Court, upon request of a respondent or the Attorney General. 10 V.S.A. § 8012. The scope of that review is de novo with respect to a penalty amount. See, e.g., Vermont Agency of Natural Resources v. Duranleau, 159 Vt. 233 (1992). However, with respect to remedial orders issued under § 8008(5), the Court' s authority is more limited, so that certain types of remedial orders must be remanded to the Agency as opposed to being modified by the Court. See 10 V.S.A. § 8012(b)(2) and (b)(3).

Respondents do not request a jury trial with respect to the remedial work required by the Administrative Order. However, they argue that they are entitled to a jury trial with respect to " all issues associated with the penalty phase of the action," characterizing the penalty as an action for " the collection of civil penalties," and citing Hodgdon v. Mt. Mansfield Co., 160 Vt. 154 (1992). See the Seventh Amendment to the U.S. Constitution; and Chapter I, Article 12 and Chapter II, Article 38 of the Vermont Constitution.

An action by a private party to enforce a private right, by suing to recover damages or a defined amount of statutory civil penalty, may require a jury trial although it is brought under a new statute, if it can be seen as an action sounding in debt and therefore one ' known at the common law,' as discussed by the Vermont Supreme Court in Hodgdon and the U.S. Supreme Court in Tull v. United States, 481 U.S. 412 (1987) and Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, (1989). However, the Uniform Environmental Enforcement Act presents a distinctly different sort of statutory scheme, in which the existence of the violation (liability) and the penalty

amount, as well as any remedial action, are first imposed by administrative agency action. Only if the respondent requests a hearing are these issues even brought before the court, where they are then subject to judicial review.

In Granfinanciera, S.A. v. Nordberg, 109 S. Ct. 2782, 2795 (1989), the U.S. Supreme Court followed its decision in Atlas Roofing Co. v. Occupational Safety and Health Review Comm'n, 430 U.S. 442, 454-55 (1977) that Congress may create new statutory public rights and assign their adjudication to tribunals without authority to conduct jury trials, without violating the constitutional requirement that jury trial be preserved. If the new statutory cause of action inheres in or lies against the government in its sovereign capacity and involves public rights, the legislature may provide an administrative scheme for its initial adjudication, and may provide for judicial review of that action in a judicial branch court without a jury trial. When the initial forum is an administrative body, the subsequent judicial review of a monetary penalty does not require a jury trial. See, e.g., National Velour Corp. v. Durfee, 637 A.2d 375, 378-81 (R.I. 1994); Texas Ass' n of Business v. Texas Air Control Board, 852 S.W.2d 440, 449-50 (Tex. 1993). Even in Tull v. United States, 481 U.S. 412, 107 S. Ct. 1831 (1987), in which the statute did not assign the matter in the first instance to an administrative body, and in which a majority of the Court held that a jury trial was required to determine liability, the Court reiterated that the trial judge, sitting without the jury, should make the discretionary determination of the amount of civil penalty.

The Vermont Supreme Court has taken the same approach under the Vermont Constitution: that a jury trial is not required for appeals and hearings unknown to the common law and which have no common law analogy. State of Vermont Department of Taxes v. Tri-State Industrial Laundries, Inc., 138 Vt. 292, 297 (1980); Shaw v. District Court, 152 Vt. 1, 6 (1989).

Thus, proceedings for judicial review of a civil penalty in Vermont Environmental Court under 10 V.S.A. § 8012, even though the standard of review is de novo, do not require a jury as they involve proceedings by the government to enforce public rights, they originate in an administrative agency proceeding, and they were unknown at the common law. Further, as judicial review of agency action, rather than a suit brought directly in a judicial branch court, they have no common law analogy. See, also, Vermont Agency of Natural Resources v. Lyndonville Savings Bank & Trust Co., Inc., Docket No. 40-3-99 (Vt. Envtl. Ct., August 24, 1999); Vermont Agency of Natural Resources v. Towne, Docket No. E97-065 (Vt. Envtl. Ct., July 10, 1997). Accordingly, Respondents' request for a jury trial on the penalty issues is DENIED.

This matter remains scheduled for trial on October 9 and 10, 2002, in Newfane. As the parties agreed at the last telephone conference, any prefiled testimony is to be filed so that it is received at the Court by October 4, 2002; any written requests for findings or memoranda of law are to be filed at trial on October 9, 2002; and oral argument will be held on the record at the close of the evidence. Please advise the Court promptly if any scheduling problems should arise.

Done at Barre, Vermont, this 12th day of September, 2002.

_____
Merideth Wright
Environmental Judge