# STATE OF VERMONT

# ENVIRONMENTAL COURT

Secretary, Vermont Agency of
Natural Resources, Plaintiff   }
              }
v                }  Docket No. 166-8-02 Vtec
              }
Thomas L. O' Brien and Nancy   }
J. O' Brien, Respondents.

## Decision and Order on Motion to Reconsider Decision Denying Request for Jury Trial

Respondents are represented by Jack Long, Esq.; the Secretary of the Agency of Natural Resources is represented by Gary Kessler. Respondents have moved the court to reconsider its denial of Respondents' request for a jury trial. This decision and order reiterates portions of the earlier order for the convenience of the parties, as well as addressing Respondents' new arguments.

First, the Court recognizes that Respondents' request is based in the Vermont Constitution; nevertheless, federal cases as well as cases from Vermont and from other states can assist the Court in applying the Vermont Constitution' s guarantee of jury trial for issues of " fact, proper for the cognizance of a jury." Indeed, Respondents' original memorandum relied on <u>Tull v. United States</u>, 481 U.S. 412 (1987) for that very purpose, as did <u>State v. Sears, Roebuck & Company</u>, No. S471-83 (Vt., Wash. Sup. Ct., Mar. 26, 1984), cited by Respondents in support of their motion.

The analysis of whether a jury trial is required for any portion of this case must begin with a look at the administrative process established by the legislature for this proceeding. The Uniform Environmental Enforcement Act (10 V.S.A. Chapter 201), authorizing the Administrative Order issued to Respondents, is distinct from 10 V.S.A. § 8221, which provides for civil penalties and equitable enforcement in superior court, and is also distinct from the various criminal penalties preserved by 10 V.S.A. § 8003(b). Chapter 201 of Title 10 created a new system of administrative orders, which may include monetary penalties, to be issued in the first instance by the Secretary of the Agency of Natural Resources.

The Uniform Environmental Enforcement Act provided for prompt judicial review of these administrative orders in the then-newly-created Environmental Court, upon request of a respondent or the Attorney General. 10 V.S.A. § 8012. The scope of that review is <u>de novo</u> with respect to a penalty amount. See, <u>e.g.</u>, <u>Vermont Agency of Natural Resources v. Duranleau</u>, 159 Vt. 233 (1992). However, with respect to remedial orders issued under § 8008(5), the Court's authority is more limited, so that certain types of remedial orders must be remanded to the Agency as opposed to being modified by the Court. See 10 V.S.A. § 8012(b)(2) and (b)(3).

The Administrative Order issued by the Agency to Respondents imposed a monetary penalty, and also required Respondents to perform remedial work. 10 V.S.A. § 8008. Respondents do not contest the fact that a violation or violations occurred, and Respondents do not request a jury trial with respect to the remedial work required by the Administrative Order. They argue that they are nevertheless entitled to a jury trial with respect to " all issues associated with the penalty phase of the action," characterizing the penalty as an action for " the collection of civil penalties," and citing Hodgdon v. Mt. Mansfield Co., 160 Vt. 154 (1992) and State v. Sears, Roebuck & Company, No. S471-83 (Vt., Wash. Sup. Ct., Mar. 26, 1984). See the Seventh Amendment to the U.S. Constitution; and Chapter I, Article 12 and Chapter II, Article 38 of the Vermont Constitution.

However, the administrative order was not an action for the ' collection' of civil penalties that can be reduced to a defined amount, and is therefore was not equivalent to an action ' in debt' and known at the common law (as contrasted with the equitable action formerly known as ' assumpsit' ). Nor is it analogous to a nuisance action, nor are damages available.

An action by a private party (or by a state on behalf of a private party) to enforce a private right, by suing to recover damages or a defined amount of statutory civil penalty, may require a jury trial if it can be seen as an action sounding in debt and therefore one of a type ' known at the common law,' as discussed by the Vermont Supreme Court in Hodgdon, by the U.S. Supreme Court in Tull v. United States, 481 U.S. 412 (1987) and Granfinanciera, S.A. v. Nordberg, 492 U.S. 33 (1989), by the Superior Court in State v. Sears, Roebuck & Company, No. S471-83 (Vt., Wash. Sup. Ct., Mar. 26, 1984), and by the Rhode Island court in Bendick v. Cambio[1], 558 A.2d 941 (R.I. 1989).

However, in contrast to the statutes discussed in those cases, Vermont' s Uniform Environmental Enforcement Act presents a distinctly different sort of statutory scheme, in which the existence of the violation (liability) and the penalty amount, as well as any remedial action, are first determined by administrative agency action. Only if a respondent requests a hearing are these issues even brought before the court, where they are then subject to judicial review. Once the penalty issue is before the court, the court must perform a discretionary determination of the amount of penalty de novo, by applying the eight equitable criteria laid out in the statute. 10 V.S.A. § 8010(b); and see also § 8001. Even in Tull v. United States, 481 U.S. 412 (1987), in which the statute did not assign the matter in the first instance to an administrative body, and in which a majority of the Court held that a jury trial was required to determine liability, the Court reiterated that the trial judge, sitting without the jury, should make the discretionary determination of the amount of civil penalty.

In Granfinanciera, S.A. v. Nordberg, 109 S. Ct. 2782, 2795 (1989), the U.S. Supreme Court followed its decision in Atlas Roofing Co. v. Occupational Safety and Health Review Comm'n, 430 U.S. 442, 454-55 (1977) that Congress may create new statutory public rights and assign their adjudication to tribunals without authority to conduct jury trials, without violating the constitutional requirement that jury trial be preserved. If the new statutory cause of action inheres in or lies against the government in its sovereign capacity and involves public rights, the legislature may provide an administrative scheme for its initial adjudication, and may provide for judicial review of that action in a judicial branch court without a jury trial. See, e.g.,; Texas Ass'

n of Business v. Texas Air Control Board, 852 S.W.2d 440, 449-50 (Tex. 1993). Similarly, in Connecticut the state Supreme Court held that jury trials were not required because there was not a sum certain for the penalty, because courts had discretion in setting the penalty, and because the stated goals of the environmental enforcement statutes were equitable and restitutionary in nature. Commissioner of Environmental Protection v. Connecticut Bldg. Wrecking Co., Inc., 629 A.2d 1116, 1122 (Conn. 1993); compare 10 V.S.A. §§ 8001 and 8010(b).

The Vermont Supreme Court has taken the same approach under the Vermont Constitution: that a jury trial is not required for appeals and hearings unknown to the common law and which have no common law analogy. State of Vermont Department of Taxes v. Tri-State Industrial Laundries, Inc., 138 Vt. 292, 297 (1980); Shaw v. District Court, 152 Vt. 1, 6 (1989). This analysis is equally applicable to proceedings under the Uniform Environmental Enforcement Act. Proceedings for judicial review of a civil penalty in Vermont Environmental Court under 10 V.S.A. § 8012, even though the standard of review is de novo, do not require a jury as they involve proceedings by the government in its sovereign capacity to enforce public rights; they originate in an administrative agency proceeding; they are equitable in nature; and they were unknown at the common law. Further, as judicial review of agency action, rather than a suit brought directly in a judicial branch court, they have no common law analogy. See, also, Vermont Agency of Natural Resources v. Lyndonville Savings Bank & Trust Co., Inc., Docket No. 40-3-99 (Vt. Envtl. Ct., August 24, 1999); Vermont Agency of Natural Resources v. Towne, Docket No. E97-065 (Vt. Envtl. Ct., July 10, 1997).

Accordingly, Respondents' request for reconsideration of this Court's denial of their motion for a jury trial on the penalty issues is itself DENIED. This matter remains scheduled for trial on October 9 and 10, 2002, in Newfane. Although the parties had agreed that any prefiled testimony was to be filed so that it is received at the Court by October 4, 2002, no such prefiled testimony has been filed. At a telephone conference held today, the parties agreed that any written requests for findings or memoranda of law on issues relating to the existence of the violations and any remedial orders are to be filed at trial on October 9, 2002; and that oral argument on these issues will be held on the record at the close of the evidence. Written requests for findings, memoranda of law, and any argument on issues relating to a penalty are to be filed on or before October 21, 2002, or on such other schedule as may be agreed by the parties at trial, with any responses filed on or before October 29, 2002 ( or on such other schedule as may be agreed by the parties).

Done at Barre, Vermont, this 7th day of October, 2002.


_____
Merideth Wright
Environmental Judge




**Footnotes**

[1] Decided under prior Rhode Island statute; modified and distinguished in <u>National Velour Corp. v. Durfee</u>, 637 A.2d 375, 378-81 (R.I. 1994), which held that penalty assessment could be assigned to an administrative agency without a jury, and that an appeal could be assigned to superior court (at least in an on the record appeal) without a jury, based on the 'public rights' analysis discussed below.